| | |
|---|---|
| **From:** | Field, Brian (USADC) |
| **To:** | John Page |
| **Subject:** | RE: Request for extension Re: Page v. Trump (20-cv-0104) |
| **Date:** | Monday, April 20, 2020 10:15:00 PM |

Mr. Page –

I am sorry to see that this meet and confer process has taken an unfortunately unproductive turn.  I requested your position on the original extension motion, and you provided a five-paragraph response.  You stated at the outset of that email that you were "not willing to consent to a full month extension."  I provided that position to the Court.  I do not believe that I was also under an obligation to distil other portions of the five paragraphs to provide additional context for your position.

You were, of course, able to file a response/opposition to the extension motion setting forth your position more fully, but you opted not to do so.  With that said, I certainly did not truncate your position intentionally and believed I was accurately stating your position.  I am sorry to hear that you have concluded otherwise.  Going forward, it will be helpful if you identify precisely what portions of an extended e-mail you wish to have included as a statement of your position and which portions are mere background or argument.

As I stated earlier today, I will provide the full text below as a statement of your position and I will further attach this e-mail chain to the Motion to ensure that the Court has a full picture of the positions.

Regards,

Brian


Brian J. Field
Assistant U.S. Attorney, Civil Division
District of Columbia
555 4th St. NW
Washington, D.C. 20530
(202) 252-2551
brian.field@usdoj.gov
**Pleast note that I am teleworking for the foreseeable future**
**and can be reached at:  (240) 278-0562**



**From:** John Page <john.h.page@gmail.com>
**Sent:** Monday, April 20, 2020 8:33 PM
**To:** Field, Brian (USADC) <BField1@usa.doj.gov>
**Subject:** Re: Request for extension Re: Page v. Trump (20-cv-0104)

Well Brian it's not the response you provided to the court when you asked last month.

On Mon, Apr 20, 2020 at 8:09 PM Field, Brian (USADC) <Brian.Field@usdoj.gov> wrote:

> Unfortunately, it does not appear to me that you have actually provided a position on the requested relief (e.g., consent, oppose, take no position).  But out of an abundance of caution, I will paste the following text into the motion as a statement of Plaintiff's position, as it is the only response you have given each time that I have asked:
>
>     Here's my response to your prior email that you did not provide to the court:
>     "With what's already been decided the instant case is not hugely complicated and does not warrant a lengthy Motion to Dismiss.   I propose and hope we can mutually agree to a 14 day extension."
>
>
> **From:** John Page <john.h.page@gmail.com>
> **Sent:** Monday, April 20, 2020 7:56 PM
> **To:** Field, Brian (USADC) <BField1@usa.doj.gov>
> **Subject:** Re: Request for extension Re: Page v. Trump (20-cv-0104)
>
> No it isn't.  My response to you email today is, literally::
>
> Here's my response to your prior email that you did not provide to the court:
> "With what's already been decided the instant case is not hugely complicated and does not warrant a lengthy Motion to Dismiss.   I propose and hope we can mutually agree to a 14 day extension."
>
> On Mon, Apr 20, 2020 at 1:54 PM Field, Brian (USADC) <Brian.Field@usdoj.gov> wrote:
>
>> To confirm, I will be filing a motion later today requesting an extension through May 8 (a 16-day extension).  Please confirm that your position on this motion is:
>>
>>     With what's already been decided the instant case is not hugely complicated and does not warrant a lengthy Motion to Dismiss.   I propose and hope we can mutually agree to a 14 day extension.
>>
>> Regards,
>>
>> Brian
>>
>> **From:** John Page <john.h.page@gmail.com>
>> **Sent:** Monday, April 20, 2020 1:50 PM
>> **To:** Field, Brian (USADC) <BField1@usa.doj.gov>
>> **Subject:** Re: Request for extension Re: Page v. Trump (20-cv-0104)
>>
>> Hi Brian,

Here's my response to your prior email that you did not provide to the court:
" With what's already been decided the instant case is not hugely complicated and does not warrant a lengthy Motion to Dismiss.   I propose and hope we can mutually agree to a 14 day extension."

John

On Mon, Apr 20, 2020 at 8:50 AM Field, Brian (USADC) <Brian.Field@usdoj.gov> wrote:

> Mr. Page –
>
> I am writing again with respect to this matter.  At present, the Government's response is due on Wednesday.  The Government has spent time working through the Complaint and facts and has concluded that it will proceed with filing a motion to dismiss.  That process, however, will not be completed in time to file by Wednesday.  Specifically, it is delayed by several other pressing matters that I am juggling.  To allow time to handle those matters and complete the motion to dismiss here, the Government will be filing a motion to extend the response deadline once more, to May 8.  Please provide your position on that motion.
>
> Regards,
>
> Brian
>
> **From:** John Page <john.h.page@gmail.com>
> **Sent:** Wednesday, March 18, 2020 6:32 PM
> **To:** Field, Brian (USADC) <BField1@usa.doj.gov>
> **Cc:** Kopplin, Rebecca M. (CIV) <rkopplin@CIV.USDOJ.GOV>
> **Subject:** Request for extension Re: Page v. Trump (20-cv-0104)
>
> Hi Brian,
>
> I am sympathetic to your personal situation but it is just 4 days before the deadline so I am not willing to consent to a full month extension.
>
> For what it's worth, the law on Congress' powers in Columbia has just been affirmed in the Castanon case argued by your colleague, Rebecca Kopplin (decision attached).  This may save you research time to confirm that Congress may not use the District Clause to contravene other articles of the Constitution.  Please see the extensive analysis on pages 19 and 20 of the decision.
> This is essentially what I am arguing.  While the District is clearly not a State for the purposes of Art I representation (Adams), Congress has and had no power to make Columbia "not part of a State" to thereby disenfranchise its residents - and by law Congress did not do that; it provided for Maryland State laws (as they were then) to persist.  Hence, those law (to the extent not modified by District law and not modified by Acts of Congress affecting all States) survive and explicitly allow Columbia's representation through the election of members of Congress.
>
> With what's already been decided the instant case is not hugely complicated and does

not warrant a lengthy Motion to Dismiss.   I propose and hope we can mutually agree to a 14 day extension.

I hope this accommodates your personal situation but please feel free to call me if it would be easier to talk this over.

Regards, John

On Wed, Mar 18, 2020 at 2:02 PM Field, Brian (USADC) <Brian.Field@usdoj.gov> wrote:

> Mr. Page –
>
> I am the AUSA assigned to handle the above-captioned matter.  At present, the Government's answer deadline is Monday, March 23.  I will be filing a motion requesting a 30-day extension of this response deadline.  Specifically, I have recently been under immense pressure with various pretrial deadlines for a trial that was scheduled to begin in three weeks (and was only recently rescheduled to a later date in light of the COVID-19 pandemic).  Additionally, my schedule has become significantly more complicated by the recent school closures in the D.C.-area.  I am endeavoring to balance the competing obligations of deadlines and childcare.
>
> Can you please let me know if you consent to or oppose this extension request?
>
> Regards,
>
> Brian
>
> Brian J. Field
> Assistant U.S. Attorney, Civil Division
> District of Columbia
> 555 4th St. NW
> Washington, D.C. 20530
> (202) 252-2551
> brian.field@usdoj.gov