# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John H. Page ) | |
| 1077 30th Street NW ) | |
| Apt. 411 ) | |
| Washington, D.C. 20007 ) | |
| Tel: 202 352 6952 ) | |
| ) | Case No. |
| Plaintiff ) | 1:20-cv-00104 CRC |
| ) | |
| v. ) | |
| ) | |
| Donald J. Trump, in His Official ) | |
| Capacity as President of the United ) | |
| States, Office of the President ) | |
| 1600 Pennsylvania Avenue, N.W. ) | |
| Washington, D.C. 20500 ) | |
| ) | |
| Defendant ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

John H. Page (pro se)
1077 30th Street NW, Apt 411
Washington, D.C. 20007
Telephone: 202-352 6952
john.h.page@gmail.com

May 20, 2020

1

# Table of Contents

I.   BACKGROUND ..................................................................................................... 4

II.  CAUSE ................................................................................................................. 4

III. MATERIAL FACTS .............................................................................................. 5

A.  DEFENDANT'S DUTY ............................................................................................ 5
B.  PEOPLE'S RIGHTS ................................................................................................ 5
C.  STATE RIGHTS OF COLUMBIA ............................................................................. 6
D.  CONGRESS' DISTRICT RIGHTS ............................................................................. 8

IV.  ARGUMENT ........................................................................................................ 9

E.  NO GENUINE DISPUTE ......................................................................................... 9
F.  ENTITLEMENT TO JUDGMENT ............................................................................ 12

V.   RELIEF .............................................................................................................. 12

**Table of Authorities**

**Cases**

Adams v. Clinton, 90 F. Supp. 2d 35 (D.D.C. 2000).............................................................. 6, 7, 10

Marbury v. Madison, 5 U.S. 1 Cranch 137 137 (1803) ............................................................ 5, 12

New York v. United States, 505 U.S. 144 (1992) .......................................................................... 11

O'Donoghue v. United States, 289 U.S. 516 (1933): ...................................................................... 8

Phillips v. Payne, 92 U.S. 105 (1875) .......................................................................................... 11

**Statutes**

2 U.S.C. § 2a(a)................................................................................................................ 5, 9, 10, 12

An Act Concerning the District of Columbia, 2 Stat. 103 (1801) ........................................ 7, 9, 10

An Act for Establishing the Temporary and Permanent Seat of the Government of the United
    States, 1 Stat. 130 (1790) ........................................................................................................... 7

An Act to establish a code of law for the District of Columbia, 1901 ........................................... 9

Maryland Bill of Rights and Constitution 1776........................................................................ 6, 10

U.S CONST. Amendment X........................................................................................... 6, 7, 10, 11

U.S. CONST. Amendment XIV Equal Protection............................................................................ 8

U.S. CONST. Art I, § 2 cl. 3 ................................................................................................... passim

U.S. CONST. Art I, §3................................................................................................................. 5, 6

U.S. CONST. Art II, §1 ............................................................................................................. 5, 10

U.S. CONST. Art II, §3 ............................................................................................................. 5, 10

U.S. CONST. Art IV ........................................................................................................................ 7

U.S. CONST. Art. I, § 8, cl. 17........................................................................................................ 7, 8

## I.     BACKGROUND

1.     Plaintiff filed suit in January 2020 and Defendant was duly served along with the US Attorney General and U.S. Attorney for DC.  Defendant filed a Motion to Dismiss on May 8, 2020 (the "Motion to Dismiss") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) which Plaintiff opposed with Memorandum filed May 18, 2020.

2.     Plaintiff now submits this Motion for Summary Judgment and Memorandum under LCvR 7(h) (the "Motion").  The main facts are:

    a.  This case is brought under the State laws of Columbia and Defendant agrees Plaintiff has been injured;

    b.  the state constitution in Columbia was preserved under the signature of the Office of the President of the United States and provides for a State Legislature and elections for Delegates to Congress;

    c.  "*The impossibility of treating Congress as the [State] legislature under that [District] clause is manifest*" was already decided in Adams v. Clinton; and

    d.  in spite of the above and Defendant's oath of office, the State of Columbia has been omitted from the census and thereby unlawfully excluded from the Congressional franchise.

## II.     CAUSE

3.     For the past 219 years the residents of Columbia have been unlawfully denied access to apportionment of representation in Congress.  Plaintiff is a 20-plus year resident of Columbia and Defendant does not contest Plaintiff's injury in fact as stated in the Complaint:

    "Plaintiff is injured by Columbia's lack of apportioned representation under U.S. CONST. art. I, § 2, cl. 3. (as amended)."

### III.    MATERIAL FACTS

#### A.   Defendant's Duty

4.      All occupiers of the Office of President have sworn to "*preserve, protect and defend the Constitution of the United States.*" U.S. CONST. Art II, §1 and to "*take Care that the Laws be faithfully executed*" U.S. CONST. Art II, §3

5.      The Office of the President is not above the law. Marbury v. Madison, 5 U.S. 1 Cranch 137 137 (1803) Id. at 149 stating that the President "*is a high officer, but he is not above law*".

6.      Defendant must transmit to Congress "*a statement showing the whole number of persons in each State ... and the number of Representatives to which each State would be entitled under an apportionment of the then existing number of Representatives.*" 2 U.S.C. § 2a(a) upon which "*Each State shall be entitled ... to the number of Representatives shown*" in the President's statement.  This is a constitutional duty required of Defendant pursuant to U.S. CONST. Art I, §2 cl. 3 with the number of Senators being equal per State under U.S. CONST. Art I, §3.

7.      Defendant has never transmitted a census statement under 2 U.S.C. § 2a(a) that complies with the law by including the State of Columbia and this resulted in its People not having apportioned representation in Congress.

#### B.   People's Rights

8.      Upon their ratification of the U.S. Constitution on April 28, 1788, the People of Columbia were guaranteed State rights of representation in Congress subject to apportionment under U.S. CONST. Art I, § 2 cl. 3 and U.S. CONST. Art I, §3.

9.      The rights of People of Columbia not delegated to Congress in the U.S. Constitution and which are attributes of State sovereignty are reserved to them under the Tenth Amendment to the U.S. Constitution which came into effect in 1791.

10.     This case is de novo, no prior complaint has sought to compel apportionment of the People's participation in the Congressional franchise under the State laws of Columbia as they were at and after cession i.e. the MARYLAND CONST. OF 1776.  The opinion in Adams v. Clinton, 90 F. Supp. 2d 35 (D.D.C. 2000), for example, considered two other legal theories.

## C.   State Rights of Columbia

11.     States were and are guaranteed rights of representation in Congress subject to apportionment under U.S. CONST. Art I, § 2 cl. 3 and U.S. CONST. Art I, §3.

12.     Commencing in 1776 the people in Columbia were governed by sovereign law by convention, the MARYLAND CONST. OF 1776 which is a State constitution.

13.     The MARYLAND CONST. OF 1776 provides for the election of a State Legislature at section 1:

> "THAT the Legislature consist of two distinct branches, a Senate and House of Delegates, which shall be styled, The General Assembly"

14.     MARYLAND CONST. OF 1776 provides for the election of Delegates to Congress at section 27:

> "XXVII. That the Delegates to Congress, from this State, shall be chosen annually, or superseded in the mean time by the joint ballot of both Houses of Assembly;…".

15.     MARYLAND CONST. OF 1776 can only be changed by concurrence of two successive State Legislatures per section 49:

> "LIX. That this Form of Government, and the Declaration of Rights, and no part thereof, shall be altered, changed, or abolished, unless a bill so to alter, change or

6

abolish the same shall pass the General Assembly, and be published at least three months before a new election, and shall be confirmed by the General Assembly, after a new election of Delegates, in the first session after such new election; provided that nothing in this form of government, which relates to the eastern shore particularly, shall at any time hereafter be altered, unless for the alteration and confirmation thereof at least two-thirds of all the members of each branch of the General Assembly shall concur."

16.    An Act for Establishing the Temporary and Permanent Seat of the Government of the United States, 1 Stat. 130 (1790) contains the following provision that necessarily preserves State law in Columbia:

"That the operation of the laws of the state within such district shall not be affected by this acceptance, until the time fixed for the removal of the government thereto, and until Congress shall otherwise by law provide."

17.    The rights of States and their People to representation in Congress are reserved to them under the Tenth Amendment to the U.S. Constitution which came into effect in 1791.

18.    An Act Concerning the District of Columbia, 2 Stat. 103 (1801) (the "1801 Organic Act") at section 1 necessarily preserved Maryland's State constitution in Columbia:

"..the laws of the state of Maryland, as they now exist, shall be and continue in force in that part of the said district, which was ceded by that state to the United States, and by them accepted as aforesaid."

19.    U.S. CONST. Art. I, § 8, cl. 17 (the District Clause) did not permit Congress to act as Columbia's State Legislature, see Adams v. Clinton "*The impossibility of treating Congress as the [State] legislature under that [District] clause is manifest*" therefore such State power was never delegated to Congress under U.S. CONST. Art. I, § 8, cl. 17.

20.    The creation of the State of Columbia and its remaining in the Union resulting from the 1801 Organic Act complied with U.S. CONST. Art IV because Congress and Maryland both consented.

21.     Columbia, like the U.S. CONST. Art. I, § 8, cl. 17 District, never left the Union and is entitled to all State rights not delegated to Congress thereunder.  O'Donoghue v. United States, 289 U.S. 516 (1933):

> "It is important to bear in mind that the District was made up of portions of two of the original states, and was not taken out of the Union by the cession."

22.     Columbia's population exceeded that of the smallest States of the United States by 1860 thereby removing any possible objection[1] to applying U.S. CONST. Amendment XIV equal protections to apportionment of its representation on the same basis as any other State.

23.     Columbia's State rights, to the extent not delegated to Congress under U.S. CONST. Art. I, § 8, cl. 17, are afforded equal protection with due process under U.S. CONST. Amendment XIV[2] of July 9, 1868 and no State may vote for measures prejudiced against the State rights of Columbia or the People thereof.

**D.    Congress' District Rights**

24.     U.S. CONST. Art. I, § 8, cl. 17 enumerates to Congress exclusive District-level legislative powers.

25.     U.S. CONST. Art. I, § 8, cl. 17 does not provide Congress with State representation powers on behalf of Columbia.  Defendant concurs, see Section II A of his Motion to Dismiss

---

[1] Defendant recognizes that, immediately on cession in 1801, Columbia might have been refused apportionment of representation in Congress on the grounds of being of insufficient population – 8,000.  However, such an issue has been moot since 1860 due to Columbia's population exceeding that of states previously admitted to the Union.

[2] ". .nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

"*Accordingly, the District has never been understood to be a state for purposes of representation in the House or Senate.*"

26.    Congress has no enumerated powers to make any part of a State not part of a State except via U.S. CONST. Art IV.  Congress' 1801 Organic Act did not make Columbia not part of a State and, thereafter, the State of Columbia has never given any consents under Art. IV.

27.    Congress' "An Act to establish a code of law for the District of Columbia, 1901" did not and could not repeal Columbia's State Constitution.  It only repealed the prior acts of Maryland's General Assembly see Sec. 1636:

> "All acts and parts of acts of the general assembly of the State of Maryland… are hereby repealed."

## IV.    ARGUMENT

### E.   No Genuine Dispute

28.    All the material facts are laws except for the absence of State of Columbia on the 2 U.S.C. § 2a(a) census returns.  The latter was asserted by Plaintiff in the first paragraph of his Complaint, was not disputed by Defendant in his Motion to Dismiss and, in any event, is a matter of public record.

29.    Defendant does not contest (see Defendant's Motion to Dismiss May 8, 2020) Plaintiff's constitutional injury stated in the Complaint: "*Plaintiff is injured by Columbia's lack of apportioned representation under U.S. CONST. art. I, § 2, cl. 3.*"

30.    Plaintiff claims benefit of MARYLAND CONST. OF 1776 which is the State law in Columbia "*to the extent not succeeded by Congress' lawful exercise of its powers in the District of Columbia or succeeded by Federal legislation affecting all States*", para 19 of Complaint. Defendant knows that Congress may not act as Columbia's state legislature for the purposes of

U.S. CONST. Art I, § 2 cl. 3 representation, see Adams v. Clinton "*The impossibility of treating Congress as the [State] legislature under that [District] clause is manifest*".

31.     The 1801 Organic Act, assented to by Defendant, complies with Amendment X because at section 1 it preserves MARYLAND CONST. OF 1776 providing States rights in Columbia to elect a State Legislature and Members of Congress.  Without that stipulation the 1801 Organic Act would be unconstitutional, but it is not.

32.     Defendant cannot dispute that the Office of the President assented to all the laws cited in this motion, so is estopped from arguing against them, and that Defendant alone is solely charged with the constitutional duty of transmitting all decennial census returns to Congress complying with the law under 2 U.S.C. § 2a(a) and making sure those returns comply with law per Defendant's oath to "*take Care that the Laws be faithfully executed*" U.S. CONST. Art II, §3.

33.     Plaintiff's injury was thus caused by Defendant's failure under oath to "*preserve, protect and defend the Constitution of the United States.*" U.S. CONST. Art II, §1 and to "*take Care that the Laws be faithfully executed*" U.S. CONST. Art II, §3.

34.     Defendant alone can cure Plaintiff's constitutional injury by retransmitting to Congress census returns under 2 U.S.C. § 2a(a) showing Columbia as a State.

35.     Defendant, on Page 6 of his "Memorandum in support of Motion to Dismiss", claims: "*Upon ratification, the Constitution provided for the establishment of a permanent federal capital—separate and apart from any state.*"  There is no genuine dispute here, Plaintiff and Defendant agree the District is not a State.  The threshold issue is Defendant's violation of State rights that are jurisdictionally distinct from the District; Complaint para 23 "*A State is a sovereign jurisdiction controlled by its people, not by Congress.*"

10

36.     The U.S. CONST. art. I, § 2, cl. 3. State right to participate in the congressional franchise is reserved to Columbia or its people under U.S CONST. Amendment X[3].  Disregarding that right is also contrary to the Equal Protection Clause of U.S. CONST. Amendment XIV. Defendant assented to, must follow the U.S. Constitution and may not alter Columbia's State law to the extent not succeeded under the District Clause.

37.     This Federal court has concurrent jurisdiction over both District and State disputes that involve the United States.  There are two sovereigns in play, only one of which can be the People's State for the purposes of participation in the Congressional franchise and both parties agree it is not the District.

38.     Plaintiff invites this court to conclude there is no genuine dispute a) of Plaintiff's injury in fact, b) the sovereign people of Columbia have a state constitution that provides for the election of their State Legislature and Delegates to Congress under U.S. CONST. art. I, § 2, cl. 3. and c) Defendant, therefore, may not withhold Columbia's name as a State from the decennial census returns regardless of Columbia's territory being coterminous with the Clause 17 District after retrocession[4].

---

[3] New York v. United States, 505 U.S. 144 (1992) "if a power is an attribute of state sovereignty reserved by the Tenth Amendment, it is necessarily a power the Constitution has not conferred on Congress. See *United States* v. *Oregon,* 366 U. S. 643, 649 (1961); *Case* v. *Bowles,* 327 U. S. 92, 102 (1946); *Oklahoma ex rel. Phillips* v. *Guy F. Atkinson Co.,* 313 U. S. 508, 534 (1941)."

[4] Land ceded for the District by Virginia was retroceded in 1847, *Phillips v. Payne*, 92 U.S. 105 (1875).

### F.   Entitlement to Judgment

39.     As in Marbury v. Madison for every legal right there is a remedy and the President is not above the law.

40.     Movant has been injured and this is not contested.

41.     Movant is entitled to judgment against Defendant because the President alone can provide the necessary relief and alone has the duty to transmit the 2 U.S.C. § 2a(a) census under which each State shall be entitled to representation yet has omitted the State of Columbia.

## V.     RELIEF

42.     That the Defendant be ordered to immediately correct and retransmit said decennial returns as required by 2 U.S.C. § 2a(a).  A proposed order is provided.