# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN H. PAGE,<br><br>    *Plaintiff*,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>    *Defendant*. | Civil Action No.: 20-0104 (CRC) |

## MOTION FOR EXTENSION OF TIME
## AND TO STAY OBLIGATION TO RESPOND TO SUMMARY JUDGMENT MOTION

Pursuant to Federal Rule of Civil Procedure 6(b), Defendant respectfully requests a two-week extension of the deadline to file a reply in support of motion to dismiss. Defendant's reply is currently due by May 26, 2020. This is Defendant's first request to extend this deadline. The Parties have conferred and Plaintiff consents to the requested relief, stating: "I agree [to] the two week extension of time (to June 9) to file a response to my Opposition to your Motion to Dismiss." There is good cause to grant the requested relief. Specifically, the process of completing the reply has been delayed by the press of other matters. For instance, between today and May 26 (Defendant's current deadline), the undersigned Assistant United States Attorney must devote substantial time to five dispositive motions and six joint status reports (in addition to this matter). To allow the undersigned adequate time to handle those matters and this matter, Defendant respectfully requests that the Court enter the accompanying Proposed Order, which extends the reply deadline by June 9, 2020.

Additionally, Defendant respectfully requests that the Court stay its obligation to respond to Plaintiff's motion for summary judgment. The Parties have conferred and Plaintiff opposes this

relief, stating: "I do not agree to your proposed stay of your obligation to respond to my Motion for Summary Judgment." There is good cause to stay Defendant's obligation to respond to Plaintiff's summary judgment motion. In this case, Plaintiff challenges whether Defendant "ha[s] any grounds for omitting Columbia [*i.e.*, the District of Columbia], a State of the Union, from the census for the purposes of apportioning participation in the Congressional franchise." Compl. ¶¶ 1, 34. On May 8, 2020, Defendant filed a motion to dismiss raising, among other things, jurisdictional arguments. *See* ECF No. 8. The Parties have not yet completed briefing that motion. Yet, Plaintiff recently filed a motion for summary judgment. *See* ECF No. 11.

The Court should stay Defendant's response obligation because Plaintiff's motion is premature as Plaintiff filed it while the Defendant's motion to dismiss remains pending. As shown in the Defendant's motion to dismiss, the Complaint should be dismissed and, if the Court grants Defendant's motion, it would dispose of Plaintiff's case in its entirety. Of note, Defendant maintains that Plaintiff's Complaint should be dismissed for a lack of jurisdiction.

The "first and fundamental" question for any court is that of jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). The D.C. Circuit has reaffirmed that "resolving a merits issue while jurisdiction is in doubt carries the courts beyond the bounds of authorized judicial action and violates the principle that the first and fundamental question is that of jurisdiction." *In re Papandreou*, 139 F.3d 247, 254–55 (D.C. Cir. 1998) (citations omitted). For these reasons, district courts routinely defer consideration of motions for summary judgment in order to first decide motions to dismiss, particularly those raising such jurisdictional issues. *See, e.g., Freedom Watch v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [summary judgment briefing]"); *Daniels v. United*

*States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (court stayed summary judgment briefing pending its ruling on motion to dismiss); *Angulo v. Gray*, 907 F. Supp. 2d 107, 109 (D.D.C. 2012) (same); *Magritz v. Ozaukee Cty.*, 894 F. Supp. 2d 34, 37 (D.D.C. 2012) (same); *Furniture Brands Int'l Inc. v. U.S. Int'l Trade Comm'n*, No. 11-0202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) ("[St]aying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide."); *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 749 n.2 (D.D.C. 1986) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability").

Accordingly, Plaintiff's summary judgment is premature and this Court should resolve the pending motion to dismiss first and stay Defendant's obligation to respond to the summary judgment motion until after it resolves the motion to dismiss.

April 21, 2020                                   Respectfully submitted,

                                                 MICHAEL R. SHERWIN
                                                 Acting United States Attorney

                                                 DANIEL F. VAN HORN
                                                 D.C. BAR # 924092
                                                 Chief, Civil Division

                                         By:    *Brian J. Field*
                                                 BRIAN J. FIELD
                                                 D.C. BAR #985577
                                                 Assistant United States Attorney
                                                 555 4th Street, N.W.
                                                 Washington, D.C. 20530
                                                 Tel: (202) 252-2551
                                                 E-mail: Brian.Field@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN H. PAGE,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>*Defendant*. | Civil Action No.: 20-0104 (CRC) |

## **[PROPOSED] ORDER**

Upon consideration of Defendant's motion for extension of time and to stay obligation to respond to summary judgment motion, and the entire record herein, it is hereby:

**ORDERED** that Defendant's motion is **GRANTED**; and it is

**FURTHER ORDERED** that Defendant's reply in support of motion to dismiss shall be filed by June 9, 2020; and it is

**FURTHER ORDERED** that Defendant's obligation to respond to Plaintiff's summary judgment motion is stayed until after the Court resolves the pending motion to dismiss.

_____     _____
Date                                                  United States District Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2020, I caused a copy of the foregoing to be served upon Plaintiff by placing in the United States mail, addressed to:

John Page
1077 30th Street, NW
Apt. 411
Washington, DC 20007

*/s/ Brian J. Field*
Assistant United States Attorney