**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| John H. Page | ) | |
| 1077 30th Street NW | ) | |
| Apt. 411 | ) | |
| Washington, D.C. 20007 | ) | |
| Tel: 202 352 6952 | ) | |
| | ) | Case No. |
| Plaintiff | ) | 1:20-cv-00104 CRC |
| | ) | |
| v. | ) | |
| | ) | |
| Donald J. Trump, in His Official | ) | |
| Capacity as President of the United | ) | |
| States, Office of the President | ) | |
| 1600 Pennsylvania Avenue, N.W. | ) | |
| Washington, D.C. 20500 | ) | |
| | ) | |
| | ) | |
| Defendant | | |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR EXTENSION OF TIME**
**AND TO STAY OBLIGATION TO RESPOND TO SUMMARY JUDGMENT MOTION**

Plaintiff files this Opposition to Defendant's above motion (the "MFE") on the grounds

given below.

1.       Case Simplicity.  This case is very simple, the President is breaking the 10th

Amendment by excluding Columbia from the decennial census returns despite his assent to State

law in Columbia.

1

There is no real jurisdictional issue; SCOTUS has already clarified how a tenth amendment claim about U.S. CONST. Art. I State powers must be adjudicated[1].  Defendant cannot argue that the State of Columbia is somehow within the District because he severally avers that the District is not a State.

2.      Plaintiff was willing to consent to an extension to June 9 for a response to his Opposition to Defendant's Motion to Dismiss despite no good cause being provided.  Courts have previously held that "*press of business is not an adequate reason for an extension[.]*" Minute Order Denying Motion for Extension, No. 1:12-cv-00127-BJR (D.D.C. Apr. 10, 2014) and the good cause standard should be interpreted under Rule 6(b)(1). Here, Defendants' vague assertions of involvement in unconnected litigation do not meet the good cause standard.  While Defendant may have concurrent cases, any justification extending Defendants' time to answer a third time should be based on specified and particular needs in this case.  Plaintiff was being more than reasonable.

3.      Six weeks of extensions already.  Defendant has already had some 6 weeks of extensions in this case, the first of them being granted within two business days of a prior deadline when four is the normal cutoff and, in that first extension motion, **Defendant failed to disclose to the court the Plaintiff had agreed to a two week extension** when asking for four.

---

[1] New York v. United States, 505 U.S. 144 (1992) "if a power is an attribute of state sovereignty reserved by the Tenth Amendment, it is necessarily a power the Constitution has not conferred on Congress.  See *United States* v. *Oregon*, 366 U. S. 643, 649 (1961); *Case* v. *Bowles*, 327 U. S. 92, 102 (1946); *Oklahoma ex rel. Phillips* v. *Guy F. Atkinson Co.,* 313 U. S. 508, 534 (1941)."

4.      In his extension motion Defendant asks for a stay on responding to Plaintiff's Motion for Summary Judgment arguing it is not ripe because his jurisdiction arguments have not yet been heard.   Defendant, however, fails to acknowledge that the challenge in his Motion to Dismiss is based on straw-man arguments using **the exact opposite of what is claimed by Plaintiff**.  The court should not be persuaded to delay proceedings based on jurisdiction arguments derived from false premises, to wit:

    a.   Defendant's jurisdictional arguments are entirely based on the false premise that Plaintiff holds the District is a State, page 6 of the Motion to Dismiss: "*According to Plaintiff, the District is already a state*".   As already corrected in Plaintiff's Opposition to Motion to Dismiss to only is **this a false statement** and the exact opposite is true; lest it not be clear, verbatim from page 5 of the Complaint again:

"E.   Is the District of Columbia or the State of Maryland a state for the purposes of Columbia's participation in the Congressional franchise?
No, this answer has already been affirmed in Adams v. Clinton, 90 F. Supp. 2d 35 (D.D.C. 2000)."

All Defendant's jurisdictional arguments based on this mistake fail too.

    **b.   Defendant's MFE <u>repeats</u> the falsehood** at page 2:

"In this case, Plaintiff challenges whether Defendant "ha[s] any grounds for omitting Columbia [*i.e.*, the District of Columbia], a State of the Union, from the census for the purposes of apportioning participation in the Congressional franchise." Compl. ¶¶ 1, 34."

This is a knowingly false statement of material fact from Defendant and is sanctionable.   It must be a deliberate false statement given the quote from the Complaint and Opposition to Motion to Dismiss immediately above coupled with

3

the fact that **nowhere in the Complaint does it claim the District of Columbia is a State**.  There is simply no other explanation for the statement in the MFE than it is knowingly false to prop up irrelevant jurisdictional claims and stall the case[2].

c.   Page 8 of the Motion to Dismiss talks about jurisdictional issues in *Adams v. Clinton*, 531 U.S. 941 (2000):

> "*The three-judge court adjudicated the plaintiffs' claims concerning the non-apportionment of Representatives—dismissing them entirely—but found that it lacked jurisdiction over the remaining claims relating to representation in the Senate and Congress's authority over the District*"

Those three remaining claims are not ones made in the instant Complaint, the Complaint is based on failure to carry out a constitutional duty in defiance of U.S. CONST. Amendment X.  It can thus be shown that all Defendant's arguments in his Motion to Dismiss **do not apply to the instant case**; the court does not need to determine whether Plaintiff has proven justiciability, just that the Motion to Dismiss is defective in proving it is not.

d.   Defendant further argues in his Motion to Dismiss (bottom of page 10) that in determining jurisdiction the court may not assume the facts claimed by the Plaintiff are true:

> "Although the Court must accept the plaintiff's factual allegations as true, the Court is 'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* (quoting *Papason v. Allain*, 478 U.S. 265, 286 (1986)).

---

[2] It is possible that Defendant is not familiar with dual Federal/State sovereignty in the United States but I don't believe that.

4

This is not applicable in the instant case, the 'factual allegations' in the Complaint are **existing law**.  That being so, Defendant's argument reductio ad absurdum is that existing laws are not facts; so the above quoted argument is no basis for this court to extend Plaintiff's time to respond to Plaintiff's Motion for Summary Judgment.

Given the above, Plaintiff asks the court not to be misled by Defendant and this pro-se Plaintiff should not be penalized just because the Defendant submitted inapplicable arguments based on false claims about the Complaint.

5.     **Time is of the essence.**  Plaintiff will be unduly prejudiced by extending indefinitely the time to answer Plaintiff's Motion for Summary Judgment.  Columbia has not yet held elections for its State legislature and Delegates to Congress[3].  A delay in ruling affects the ability to complete this timely thereby jeopardizing when the recognized injury can be cured through the relief requested.

Defendant has not contested the Complaint's assertion that 80% of the people in Columbia want State representation in Congress and which is a matter of public record.

---

[3] While the District of Columbia holds elections for 'Senators-in-waiting' in case the District's plan for statehood be realized, Plaintiff holds that a Constitutional amendment would be required for such statehood for almost identical arguments offered by Defendant in his Motion to Dismiss.  So, those 'Senatorial' elections are immaterial to this Complaint. Furthermore, Plaintiff holds that the State of Columbia would need to give its U.S. CONST. Art. IV consent to such an arrangement; neither the District nor Congress is a State for such purpose.  For the record, Plaintiff has had conversations with the Director of the District of Columbia Board of Elections ("DCBOE") and they have responded that they have no authority under the 1973 Home Rule Act (as amended) to conduct actual State elections – which Plaintiff believes is the correct position - because the District is not a State.

5

The Plaintiff is hoping for a resolution to this simple case by late June or July and the Defendant should not be allowed to use legal delays to inflict further injury and effect a political purpose by making it impossible to hold such elections as may be enabled by the case outcome.

6.    Finally, the MFE says "*The Court should stay Defendant's response obligation because Plaintiff's motion is premature as Plaintiff filed it while the Defendant's motion to dismiss remains pending*".   The court has discretion here; most recently in Castañon v. United States, No. 18-cv-2545, 2020 WL 1189458 (D.D.C. Mar. 12, 2020) the opinion, **quoted by Defendant on pages 4, 8, 12, 13 and 14 of his Motion to Dismiss**, states MTD and MSJ in that case were considered contemporaneously:

> Before us are a motion to dismiss ("MTD") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed jointly by the Executive and Senate Defendants, ECF No. 21, and Plaintiffs' motion for summary judgment ("MSJ") pursuant to Federal Rule of Civil Procedure 56, ECF No. 23.  *Amici* have filed a total of eight briefs.[1]

For any and all of the above reasons, Plaintiff urges that in the interests of both parties and of fairness and the time of the court it should grant Defendants MFE in part and deny it in part.  A proposed order is attached.

May 21, 2020
Respectfully submitted,

/John H. Page/
John H. Page (pro se)
1077 30th Street NW, Apt 411
Washington, D.C. 20007
Telephone: 202-352 6952
john.h.page@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

John H. Page                                    )
1077 30th Street NW                   )
Apt. 411                                        )
Washington, D.C. 20007                          )
Tel: 202 352 6952                               )
                                                )    Case No.
Plaintiff                                       )    1:20-cv-00104
                                                )
v.                                              )
                                                )
  Donald J. Trump, in His Official              )
  Capacity as President of the United           )
  States, Office of the President               )
  1600 Pennsylvania Avenue, N.W.                )
  Washington, D.C. 20500,                       )
                                                )
                                                )


    Defendant

**[PROPOSED] ORDER**

    Upon consideration of **DEFENDANT'S MOTION FOR EXTENSION OF TIME AND TO STAY OBLIGATION TO RESPOND TO SUMMARY JUDGMENT MOTION** and the entire record herein, it is hereby:

**ORDERED** that that Defendant shall be granted until June 9 to respond to Plaintiff's Opposition to Defendant's Motion to Dismiss; and it is

**FURTHER ORDERED** that Defendant shall be given 21 days until June 11 to respond to Plaintiff's Motion for Summary Judgment.

_____                    _____
Date                               United States District Judge

7