# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN H. PAGE,<br><br>                *Plaintiff*,<br><br>         v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>                *Defendant*. | Civil Action No.: 20-0104 (CRC) |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. BAR #924092
Chief, Civil Division

BRIAN J. FIELD
D.C. BAR #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov

June 9, 2020

**TABLE OF CONTENTS**

ARGUMENT ......................................................................................................................2

I.    There Is No Cause Of Action Against The President And Plaintiff Cannot
Obtain Equitable Relief Against The President ....................................................2

II.   Plaintiff Cannot State A Claim For Relief .........................................................3

     A.    The Constitution Provides that the District is not a State ...........................3

     B.    For Plaintiff's Claim to be Correct, the Constitution Must be Unconstitutional ........4

III.  Plaintiff's Reliance On The Equal Protection Clause Is Doomed ......................5

IV.  Plaintiff Lacks Standing ....................................................................................6

V.   Plaintiff Presents A Nonjusticiable Political Question Which Would Require
Action By Political Branches ............................................................................7

CONCLUSION....................................................................................................................8

**TABLE OF AUTHORITIES**

**Cases**

*Adams v. Clinton,*
   90 F. Supp. 2d 35 (D.D.C. 2000) ...................................................................4, 6

*Armstrong v. Exceptional Child Ctr.,*
   135 S.Ct. 1378 (2015) .........................................................................................2

*Baker v. Carr,*
   369 U.S. 186 (1962) .............................................................................................7

*Castañon v. United States,*
   No. 18-cv-2545, 2020 WL 1189458 (D.D.C. Mar. 12, 2020) .............................3, 6

*Common Cause v. Biden,*
   748 F.3d 1280 (D.C. Cir. 2014) ...........................................................................7

*Downes v. Bidwell,*
   182 U.S. 244 (1901) .............................................................................................7

*Franklin v. Massachusetts,*
   505 U.S. 788 (1992) .........................................................................................2, 3

*Grupo Mexicano De Desarrollo v. All. Bond Fund,*
   527 U.S. 308 (1999) .............................................................................................2

*Mississippi v. Johnson,*
   71 U.S. (4 Wall.) 475 (1866) ...............................................................................2

*Raines v. Byrd,*
   521 U.S. 811 (1997) .............................................................................................6

*Spokeo v. Robins*,
    __ U.S. __, 136 S.Ct. 1540 (2016) ......................................................................................6, 7

*Trinsey v. United States*,
    No. 00-cv-5700, 2000 WL 1871697 (E.D. Pa. Dec. 21, 2000) .................................................4

*Vill. of Willowbrook v. Olech*,
    528 U.S. 562 (2000) ...........................................................................................................5

*Pro se* Plaintiff resides in the District of Columbia.  In his estimation, the lack of participation in the congressional franchise violates his constitutional rights.  *See, e.g.*, Compl. ¶ 15.  Accordingly, Plaintiff asks this Court to order Defendant (the President) to "immediately correct all census returns to show the State of Columbia [*a.k.a.*, the District of Columbia.]"  *Id.* ¶ 39.  As Defendant has already noted, Plaintiff relies on an untenable argument:  the territory constituting the District of Columbia is and has always been a state (the above-referenced "State of Columbia").  *See* Def.'s Memo. in Supp. of Mot. to Dismiss at 1 (ECF No. 8-1) (hereinafter, "Def.'s Mot.").  Thus, Plaintiff continues, he and other residents of the District should be considered State residents for the purposes of the congressional franchise.  As Defendant explained, Plaintiff's Complaint fails for a host of reasons:  Plaintiff cannot obtain equitable relief against the President; Plaintiff cannot state a claim for relief because the Constitution already addresses this argument, providing that the District is not a State (and thus its residents should not be considered state residents); Plaintiff cannot state a claim because, if he were correct, the Constitution would be unconstitutional; Plaintiff cannot state a claim under the Equal Protection Clause; Plaintiff lacks standing for his claim; Plaintiff's claim presents a nonjusticiable political question; and Plaintiff's claim fails because his desired relief would require Congressional action. *See* Def.'s Mot. at 6-16.  Any one of these arguments dooms Plaintiff's Complaint.

In his Opposition, Plaintiff largely ignores these arguments.  *See generally* Pl.'s Opp. (ECF No. 10).  Instead, Plaintiff ties himself in knots trying to explain why the District's territory is simultaneously not a state, *see id.* ¶ 3, and a state, *see id.* ¶ 5 (referencing the same area as "Columbia, a State of the Union").  These arguments are both unsuccessful and unresponsive to Defendant's Motion.  Moreover, Plaintiff devotes substantial time to arguing that Defendant's Motion should be denied because it fails to "disprove[ ]" the allegations in Plaintiff's Complaint.

*Id.* ¶ 10; *see also id.* ¶ 11(c) (arguing that the Motion should be denied because Defendant "has not disproved" Plaintiff's allegations); ¶ 12 (same); ¶ 25 (same).   Yet, that is irrelevant at this juncture, where the Court is called upon to determine whether it has jurisdiction over Plaintiff's Complaint and, if so, whether Plaintiff has satisfied his obligation to state a claim upon which relief may be granted.   The question is not who has "proven" what; the question is whether Plaintiff has cleared the requisite legal thresholds to proceed to the merits of his claim.   As explained in Defendant's Motion, there are numerous insurmountable threshold issues with Plaintiff's claims. By failing to address and refute these arguments, Plaintiff fails to identify a basis for saving his Complaint from dismissal.   Rather, the Court should dismiss Plaintiff's Complaint.

## ARGUMENT

### I.   There Is No Cause Of Action Against The President And Plaintiff Cannot Obtain Equitable Relief Against The President

Plaintiff asks this Court to order equitable relief directly against the President for official conduct.   *See* Compl. ¶ 39 (seeking an order directing the President to "correct all census returns"). Yet, the Court cannot issue such an order.   Specifically, as Defendant set forth more fully in his Motion, Plaintiff lacks a cause of action to sue the President.   *See* Def.'s Mot. at 6-7.   For instance, Plaintiff cannot seek review of the President's actions under the Administrative Procedure Act. *See id.* (citing cases).   Similarly, courts of equity may not entertain suits seeking to "enjoin unconstitutional actions by … federal officers," *Armstrong v. Exceptional Child Ctr.*, 135 S.Ct. 1378, 1384 (2015), unless the requested relief "was traditionally accorded by courts of equity," *Grupo Mexicano De Desarrollo v. All. Bond Fund*, 527 U.S. 308, 319 (1999).   Yet, the Supreme Court explained long ago that federal courts lack jurisdiction to "enjoin the President in the performance of his official duties." *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 501 (1866); *see also Franklin v. Massachusetts*, 505 U.S. 788, 827 (1992) (Scalia, J., concurring in part and

concurring in judgment) (noting that the "unbroken historical tradition supports the view" that courts may not order the President to "perform particular executive … acts").  On this point, Plaintiff does not dispute that he is seeking an order directing the President to perform "executive … acts." *Franklin*, 505 U.S. at 827; Pl.'s Opp. ¶ 28.  Accordingly, Plaintiff's claims fall squarely within this "unbroken historical tradition," which dooms his Complaint. *Franklin*, 505 U.S. at 827.

## II.  Plaintiff Cannot State A Claim For Relief

### A.  The Constitution Provides that the District is not a State

Defendant also argued that Plaintiff's Complaint should be dismissed for failing to state a claim because it is premised on a faulty understanding of the District of Columbia.  *See* Def.'s Mot. at 7-10.  As Defendant explained, Plaintiff grounds his claim on the mistaken notion that the District of Columbia (or, at least, the territory that the District covers) is and has always been a State (the State of Columbia).  *See id.*; *see also* Pl.'s Opp. at 5 (discussing "State representation rights of residents of Columbia"), 6 (discussing the "land partitioned from Maryland" to form the District of Columbia as "Columbia" governed by the "Columbia State Constitution"), 7 (stating that the "residents of Columbia are not barred from exercising the rights to State representation").  As the *Castañon* court recently explained, it would lead to "impossible" results to read "State" into the parts of Article I "that encompassed the District."  *Castañon v. United States*, No. 18-cv-2545, 2020 WL 1189458, at *18 (D.D.C. Mar. 12, 2020).

For the various reasons Defendant has already explained, this dooms Plaintiff's Complaint.  *See* Def.'s Mot. at 7-10.  In his Opposition, Plaintiff attempts to recast his claim.  *See* Pl.'s Opp. at 5-6.  But as just noted, Plaintiff's Opposition is littered with statements reflecting that his claim is in fact premised on "Columbia" (*i.e.*, the territory covered by the District of Columbia) being a state.  *See* Pl.'s Opp. at 5-7 (discussing Columbia and its state rights).  While Plaintiff may take

issue with terminology, he cannot refute this basic fact:  whatever one calls the territory covered by the District of Columbia, it is clear that the Constitution does not afford its residents the same voting privileges as residents of states.  *See* Def.'s Mot. at 7-10.  As such, Plaintiff basis his claim on a legal impossibility and he has thus failed to state a claim.

### B.    For Plaintiff's Claim to be Correct, the Constitution Must be Unconstitutional

The Constitution expressly dictates the lack of representation for residents in the District for the precise reason that it is not a state (and, it follows, not entitled to the same rights as states). Yet, Plaintiff claims that the territory of the District has actually been a state all along and thus it should have always received state representation.  Any other conclusion, in Plaintiff's estimation, is unconstitutional.  In other words, the Constitution (which provides the opposite) must be unconstitutional.  Of course, that cannot be so and this is simply another reason that the Court should dismiss Plaintiff's Complaint.  *See* Def.'s Mot. at 10-11.  Indeed, as the *Adams* court explained:  "the provisions of the Constitution that set forth the composition of Congress do not contemplate representation for District residents[.]"  *Adams v. Clinton,* 90 F. Supp. 2d 35, 71-72 (D.D.C. 2000) ("*Adams I*").  There is no reason to conclude that this is any different if one calls the District the "State of Columbia" rather than the "District of Columbia."  It is the same territory and the Constitution provided that its residents would not receive the precise relief Plaintiff seeks.

To conclude otherwise would raise a host of problems and require courts to decide which constitutional provisions should take precedence over others.  *See Trinsey v. United States*, No. 00-cv-5700, 2000 WL 1871697, at *3 (E.D. Pa. Dec. 21, 2000) ("Our Founding Fathers adopted and the states ratified a Constitution that has endured for more than two centuries. The genius of it is that though not immutable, our Constitution is not subject to change by judicial fiat or presidential decree …. It is not the province of this Court to engage in constitutional amendment where it is asserted that part of the document is unconstitutional.").  And, while not easy, changes to the

Constitution are certainly possible, as the Twenty-Third Amendment's allotment of presidential electors to the District demonstrates.

In his Opposition, Plaintiff responds by baldly alleging that "Defendant has failed to prove that Plaintiff's claims are based on the U.S. Constitution being unconstitutional." Pl.'s Opp. at 18. That conclusory statement aside, it is inescapable that in order to grant the requested relief, the Court would be forced to conclude that the territory of the District (and its residents) should receive the same rights as residents of states. As that is squarely foreclosed by the Constitution for the reasons discussed in more detail above and in Defendant's Motion, the Court would be required to conclude that portions of the Constitution are unconstitutional. Plaintiff's suggestion to the contrary is untenable and the Court should dismiss Plaintiff's Complaint.

## III.   Plaintiff's Reliance On The Equal Protection Clause Is Doomed

In his Complaint, Plaintiff states that omitting the "'State of Columbia' from the census returns is to deny its people, like Plaintiff, equal protections." Compl. ¶ 37. Specifically, Plaintiff avers that the "State of Columbia" residents are on equally footing with the residents of states, other than "that Congress has exclusive legislative control of the District of Columbia through the enumerated delegation of power in the District Clause." *Id.* In other words, Plaintiff acknowledges that he cannot maintain a claim under the Equal Protection Clause because he freely admits that he has not "been intentionally treated differently from others *similarly situated*[.]" *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (emphasis added). Rather, as Plaintiff concedes, U.S. citizens with representation in Congress are not similarly situated to Plaintiff because such represented citizens are residents of states.

Additionally, Plaintiff's equal protection argument fails because the Equal Protection Clause scrutinizes classifications drawn by *statute*, whereas the classification to which Plaintiff

objects inheres in the Constitution.   The court in *Adams* rejected equal protection claims for precisely this reason, concluding that "the voting qualification of which plaintiffs complain is one drawn by the Constitution itself" and therefore, "[t]his court is without authority to scrutinize those distinctions to determine whether they are irrational, compelling, or anything in between." *Adams I*, 90 F. Supp. 2d at 65, 66-68; *see also Castañon*, 2020 WL 1189458, *20 (dismissing equal protection claim for failure to state a claim).

In his Opposition, Plaintiff largely concedes these arguments.   *See* Pl.'s Opp. ¶ 23.   Indeed, Plaintiff does not identify any authority to the contrary.   *See id.*   Rather, Plaintiff simply relies again on the untenable statement that the "'State of Columbia' has "undelegated State rights."   *Id.* This is no answer and the Court should dismiss any Equal Protection Clause claim, to the extent Plaintiff intended to bring such a claim.

**IV.     Plaintiff Lacks Standing**

Plaintiff's claims also fail for a lack of standing.   *See* Def.'s Mot. at 13-14.   Specifically, Plaintiff fails to carry his burden of demonstrating causation and redressability.   *See id.*; *see also Spokeo v. Robins*, __ U.S. __, 136 S.Ct. 1540, 1547 (2016).   This is particularly true in light of the "especially rigorous" standing analysis applicable to a case like the instant one, where "reaching the merits of the dispute would force [the Court] to decide whether an action taken by one of the other two branches of the Federal Government was unconstitutional."   *Raines v. Byrd*, 521 U.S. 811, 819 (1997).

As Defendant explained previously, Plaintiff's quarrel is with the Constitution itself, not Defendant's actions.   *See* Def.'s Mot. at 13-14.   Thus, the "alleged  injury" is not "fairly traceable to the challenged conduct of the [D]efendant[ ]."   *Castañon*, 2020 WL 1189458, at *9 (citing *Spokeo*, 126 S. Ct. at 1547).   Similarly, the only other source of injury would be congressional inaction, which also dooms Plaintiff's ability to identify any injury "fairly traceable" to

Defendant's actions.  *See Common Cause v. Biden*, 748 F.3d 1280, 1285 (D.C. Cir. 2014) ("In short, [plaintiffs'] alleged injury was not created by any of the defendants, but by [ ] absent third parties") (quotation marks omitted).  And for the same reason (the fact that Plaintiff could only obtain his desired relief through congressional action), Plaintiff cannot establish redressability in this case, where Plaintiff has not named any congressional defendants.  *See id.*

In response, Plaintiff curiously argues that Defendant's arguments are misplaced because they rely on "precedents that are only relevant under District law[.]"  Pl.'s Opp. ¶ 24.  Plaintiff is mistaken, for anyone to bring an action in this Court, he or she must meet "the irreducible constitutional minimum of standing."  *Spokeo*, 136 S.Ct. at 1547 (quotation marks omitted).  Nothing about Plaintiff's claim (or his view about the District's statehood) relieves him of the obligation to demonstrate that he has standing to bring his claim.  He has not done so here and the Court should dismiss Plaintiff's claims for lack of standing.

## V.     Plaintiff Presents A Nonjusticiable Political Question Which Would Require Action By Political Branches

Plaintiff also presents a nonjusticiable political question because he seeks relief that would require action by the political branches.  *See* Def.'s Mot. at 14-16; *see also Baker v. Carr*, 369 U.S. 186, 217 (1962).  Indeed, none of the political branches considers the territory that the District covers to be a state.  Rather, Plaintiff is asking the Court to direct the political branches to consider this territory to be a state for the purposes of representation.  As Justice White explained long ago, such arguments fall within the political question doctrine.  *See Downes v. Bidwell*, 182 U.S. 244, 312 (1901) (White, J., concurring).

In his Opposition, Plaintiff argues that there is no political question barrier to his claims because "upon issuance of a new census report Congress' actions are <u>purely mechanical</u> so there is no political question involved."  Pl.'s Opp. ¶ 27 (emphasis in original).  But Plaintiff skips the

antecedent question—is the District's territory a state for the purposes of the census? If not, there is no "purely mechanical" function. Rather, as discussed above and in Defendant's Motion, it is that antecedent question, which falls within the political question doctrine and which would require action beyond this Court's jurisdiction. *See* Def.'s Mot. at 14-16.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Defendant's Motion, Defendant requests that the Court grant its Motion and dismiss Plaintiff's Complaint.

June 9, 2020                                  Respectfully submitted,

                                              MICHAEL R. SHERWIN
                                              Acting United States Attorney

                                              DANIEL F. VAN HORN
                                              D.C. Bar #924092
                                              Chief, Civil Division

                                  By:        */s/ Brian J. Field*
                                              BRIAN J. FIELD
                                              D.C. Bar #985577
                                              Assistant United States Attorney
                                              555 4th Street, N.W.
                                              Washington, D.C. 20530
                                              Tel: (202) 252-2551
                                              E-mail: Brian.Field@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 9, 2020, I caused a copy of the foregoing to be served upon

Plaintiff by placing in the United States mail, addressed to:

John Page
1077 30th Street, NW
Apt. 411
Washington, DC 20007


*/s/ Brian J. Field*
Assistant United States Attorney