IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John H. Page )<br>1077 30th Street NW )<br>Apt. 411 )<br>Washington, D.C. 20007 )<br>Tel: 202 352 6952 )<br> )<br>Plaintiff )<br> )<br>v. )<br> )<br>Donald J. Trump, in His Official )<br>Capacity as President of the United )<br>States, Office of the President )<br>1600 Pennsylvania Avenue, N.W. )<br>Washington, D.C. 20500 )<br> )<br> )<br>Defendant | Case No.<br>1:20-cv-00104 CRC |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY
TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

1. Defendant has kindly pointed out that a Surreply requires leave of the court.

2. Plaintiff in this case respectfully moves for leave to file a Surreply in response to new arguments and factual claims made by Defendants in DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS ("Defendant's Reply"). The subject arguments and claims did not appear Defendant's Motion to Dismiss and thus Plaintiff has not had an opportunity to respond "*The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the*

1

*opposing party's reply.*" Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). Plaintiff satisfies this standard because Defendant's Reply presents several matters and arguments for the first time, and Plaintiff has not been able to contest them. In this Circuit, "district court[s] routinely grant[] such motions" when this standard is satisfied. Ben-Kotel v. Howard Univ., 319 F.3d 532, 536 (D.C. Cir. 2003).

  3. Furthermore, this case is de novo and as a result involves many contestable issues. Because of this, Plaintiff made an open written invitation for Defendant to meet and confer to save court's time as contemplated in FRCP Rule 16, hoping to efficiently eliminate many issues. Defendant has, instead, chosen to argue before the court many detailed matters with facts and law different than those forming the basis of the Complaint let alone new allegations compared to Defendant's Motion to Dismiss. This behavior of Defendant, and given the rules governing the length of pleadings, further supports this Motion and will ultimately be more sparing of the court's time when hearing the case.

  4. Plaintiff had conferred and Defendant objects to this Motion.

  5. Plaintiff has no objection to Defendant responding to the subject surreply.

  6. Plaintiff summarizes below the main reasons why a surreply is warranted. The Defendant's Reply contains new and expanded arguments on (at least) the following range of issues:

    a. Defendant's Motion to Dismiss argued merely that the District is not a State to which Plaintiff agreed in his Reply but that (at least) two sovereigns existed in Columbia. Defendant then introduced a series of new arguments as to why a State

2

and the District could not coexist in Columbia including the "*District's territory is simultaneously not a state*" and a new section headed "The Constitution Provides that the District is not a State". Those new arguments reduce to the Defendant holding that the 1801 Organic Act is. Plaintiff, therefore, should at a minimum be allowed to rebut by way of a surreply especially given there are two SCOTUS cases that support survival of all law not specifically abrogated at cession[1].

b. Defendant's new theory demands that Congress' powers make it the only sovereign in the District of Columbia and Plaintiff should have the opportunity to argue this is antithetical to the U.S. Constitution including being contrary to *Legal Tender Cases, 110 U.S. 421 (1884)* which decided that the U.S. government has no inherent sovereignty, which would need to be found here.

c. Defendant makes a new allegation about the Constitution, saying: "*It is the same territory and the Constitution provided that its residents would not receive the precise relief Plaintiff seeks.*" This is arguable through analysis that Plaintiff

---

[1] James Stewart & Co. v. Sadrakula, 309 U.S. 94 (1940) which teaches (emphasis added): "It is now settled that the jurisdiction acquired from a state by the United States, whether by consent to the purchase or by cession, may be qualified in accordance with agreements reached by the respective governments. The Constitution does not command that every vestige of the laws of the former sovereignty must vanish. **On the contrary, its language has long been interpreted so as to permit the continuance until abrogated of those rules existing at the time of the surrender of sovereignty** which govern the rights of the occupants of the territory transferred." and
Evans v. Cornman, 398 U.S. 419 (1970) which found teaches (emphasis added):: "Residents on grounds of the National Institutes of Health are treated by the State of Maryland, in which that federal enclave is located, as state residents to such an extent that **it violates the Equal Protection Clause of the Fourteenth Amendment to deny them the right to vote in that State.** Pp. 398 U. S. 420-426."

3

      wishes to now present, while the Constitution results in the District not being a State the right to representation through a State is not extinguished by Clause 17.

d.     Defendant also newly alleges "*To conclude otherwise would raise a host of problems and require courts to decide which constitutional provisions should take precedence over others.*" together with "*the Court would be forced to conclude that the territory of the District (and its residents) should receive the same rights as residents of states and that is squarely foreclosed by the Constitution.*" Plaintiff must be allowed to respond; these are not the consequences of the relief requested, the court is only invited to conclude that State law in Columbia survives to the extent not abrogated or succeeded by District or Federal law. James Stewart & Co. v. Sadrakula applies, the surrender of sovereignty was not absolute.

e.     Defendant newly puts forward a circular argument regarding equal protection and Plaintiff wishes the opportunity to argue that equal protection must be afforded to the rights of Columbia residents to the extent those rights were not delegated to Congress under the District clause.

f.     Defendant newly alleges that "*none of the political branches considers the territory that the District covers to be a state.*" Plaintiff agrees none of the political branches considers the District to be a State but he is entitled to argue the rights of representation run with the land and this is exactly what Congress provided; what

        is relevant here is the written law, not whether current members of Congress agree on a political question or not.

   g.    Defendant newly alleges that he has no responsibility and the current state of affairs is due to congressional inaction. Plaintiff must be allowed the opportunity to argue *Kendall v. United States,* (1838) to show that the President is obliged to act and cannot forbid or forgo the duties of office.

   h.    Defendant newly argues "*is the District's territory a state for the purposes of the census?*" not a question raised in the Motion to Dismiss.

   i.    The above items all run to justiciability, standing and relief.

7.    **RELIEF RQUESTED IN THIS MOTION**. Hence Plaintiff asks to withdraw his PLAINTIFF'S REPLY IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS and for permission to refile it as PLAINTIFF'S SURREPLY IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.

8.    A proposed Order follows.

June 15, 2020
Respectfully submitted,

/John H. Page/
John H. Page (pro se)
1077 30th Street NW, Apt 411
Washington, D.C. 20007
Telephone: 202-352 6952
john.h.page@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John H. Page )<br>1077 30th Street NW )<br>Apt. 411 )<br>Washington, D.C. 20007 )<br>Tel: 202 352 6952 )<br> )<br>Plaintiff )<br> )<br>v. )<br> )<br>Donald J. Trump, in His Official )<br>Capacity as President of the United )<br>States, Office of the President )<br>1600 Pennsylvania Avenue, N.W. )<br>Washington, D.C. 20500, )<br> )<br> )<br><br>Defendant | Case No.<br>1:20-cv-00104 |

**[PROPOSED] ORDER**

Upon consideration of PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

and the entire record herein, it is hereby:

**ORDERED** that PLAINTIFF'S REPLY IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS is struck and

**IT IS FURTHER ORDERED** that PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS is granted

_____         _____
Date                                              United States District Judge

6