# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN H. PAGE,

           *Plaintiff*,

        v.

DONALD J. TRUMP, in his official capacity as President of the United States,

           *Defendant*.

Civil Action No.: 20-0104 (CRC)

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. BAR #924092
Chief, Civil Division

BRIAN J. FIELD
D.C. BAR #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov

June 29, 2020

## <u>TABLE OF CONTENTS</u>

BACKGROUND ............................................................................................................................1

STANDARD OF REVIEW.........................................................................................................2

ARGUMENT...............................................................................................................................2

CONCLUSION............................................................................................................................6

Plaintiff John Page asks this Court for leave to file a surreply to address arguments that Defendant raised in his original motion to dismiss. Of course, surreplies are not permitted in such instances. While Plaintiff asserts that Defendant raised new arguments in his Reply in Support of Motion to Dismiss, Plaintiff is mistaken. Accordingly, this Court should deny Plaintiff's Motion.

## BACKGROUND

Plaintiff is a District of Columbia resident who believes that the lack of participation in the congressional franchise violates his constitutional rights. *See, e.g.*, Compl. ¶ 15. Plaintiff thus asks this Court to order Defendant (the President) to "immediately correct all census returns to show the State of Columbia [*a.k.a.*, the District of Columbia]." *Id.* ¶ 39.

Given the numerous defects of such a claim, Defendant filed a motion to dismiss. *See* Mot. to Dismiss (ECF No. 8) ("Def.'s MTD"). In that motion, Defendant noted that the central theory to Plaintiff's claim was a belief that the land covered by the District of Columbia is already a state (the "State of Columbia") and has, in fact, always been a state. *See id.* at 1. Thus, Plaintiff claims that nothing should stand between District residents and the congressional franchise. In moving for dismissal, Defendant argued that this claim fails for a host of reasons: (i) Plaintiff has no cause of action against the President, *see id.* at 6-7; (ii) Plaintiff fails to state a claim because the Constitution expressly provides that the District is not a State, *see id.* at 7-11; (iii) Plaintiff fails to state a claim under the Equal Protection Clause, *see id.* at 12-13; (iv) Plaintiff lacks standing, *see id.* at 13-14; (v) Plaintiff presents a nonjusticiable political question, *see id.* at 14-15; and (vi) Plaintiff's claim would require Congressional action, *see id.* at 15-16.

In his Opposition, Plaintiff largely ignored these arguments and, instead, went to great lengths in an attempt to explain why he thought the District's territory is actually a state. *See* Pl.'s Opp. (ECF No. 10). Defendant responded, noting that Plaintiff had ignored the lion's-share of

Defendant's arguments and emphasizing, again, that Plaintiff's claim rests on the untenable theory that the territory of the District is (and always has been) a state. *See* Def.'s Reply (ECF No. 15).

Plaintiff then filed a Motion for Leave to File a Surreply. *See* Pl.'s Mot. for Leave to File Surreply (ECF No. 17) ("Pl.'s Mot."). According to Plaintiff, "[t]he subject arguments and claims [in Defendant's reply] did not appear [in] Defendant's Motion to Dismiss and thus Plaintiff has not had an opportunity to respond." *Id.* at 1. As discussed below, Plaintiff is mistaken.

## STANDARD OF REVIEW

There can be no dispute that "leave to file a surreply [is] not favored." *Hairston v. Tapella*, 664 F. Supp. 2d 106, 116 (D.D.C. 2009); *see also Doe v. Exxon Mobile Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014). When leave is requested to file a surreply, a district court should consider "whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012). Similarly, where a movant's reply includes arguments that "directly respond[ ] to an argument made in the [nonmovant's] opposition," that is not a "new" argument for the purposes of a surreply. *Shea v. Clinton*, No. 02-cv-0577, 2012 WL 13075787, at *2 (D.D.C. Dec. 7, 2012). As discussed herein, Plaintiff fails to satisfy this high threshold.

## ARGUMENT

In his Motion for Leave to File a Surreply, Plaintiff points to seven statements from Defendant's Reply that are allegedly new and warrant a surreply. Yet, each such statement and argument is also contained in Defendant's Motion to Dismiss and a surreply is thus inappropriate. *See Banner Health*, 905 F. Supp. 2d at 187.

In the main, Plaintiff suggests that Defendant made new arguments in the Reply about the nature of the District of Columbia. *See* Pl.'s Mot. at 2-3 (subparts a, b, h). But Defendant has been clear from the start that the District is not a state. *See, e.g.*, Def.'s MTD at 1-3. In fact, Part II.A of Defendant's Motion was dedicated entirely to this argument, *see id.* at 7-10, and there was nothing new in the Reply when Defendant reiterated that the District is not a State, *see* Reply at 1, 3. In fact, Plaintiff argues that the Reply included a "new section headed 'The Constitution Provides that the District is not a State.'" Pl.'s Mot. at 3. Far from being "new," that is the exact same heading (and supporting argument) found in Part II.A of Defendant's Motion. *See* Def.'s MTD at 7-10. Accordingly, this is not a basis for a surreply. *See Banner Health*, 905 F. Supp. 2d at 187.

Similarly, Plaintiff contends that Defendant made a "new allegation" in the Reply "about the Constitution … provid[ing] that [the District's] residents would not receive the precise relief Plaintiff seeks." Pl.'s Mot. at 3 (subpart c of Plaintiff's list). Here again, Defendant made this exact argument in the Motion to Dismiss. *See* Def.'s MTD at 3 (noting that courts have held that "the Constitution's text and history preclude the Court from granting the plaintiffs the relief sought") (quotation marks omitted); *see also id.* at 7 ("Yet, the Constitution provides without reservation that the District is not in fact a state"). As there is nothing new about this argument in the Reply, it is not a basis for a surreply. *See Banner Health*, 905 F. Supp. 2d at 187.

Plaintiff next contends that the Defendant "newly allege[d]" in the Reply that adopting Plaintiff's argument would "raise a host of problems and require courts to decide which constitutional provisions should take precedence over others." Pl.'s Mot. at 4 (subpart d in Plaintiff's list). Plaintiff further argues that Defendant newly alleged that this would require the Court "to conclude that the territory of the District (and its residents) should receive the same rights

as residents of states that is squarely foreclosed by the Constitution." *Id.* Once again, Defendant made this exact argument in the Motion to Dismiss. *See* Def.'s MTD at 10 (noting that another Court has already held that "[b]ecause the provisions of the Constitution that set forth the composition of Congress do not contemplate representation for District residents, we conclude that the denial of representation does not deny them equal protection"). In fact, the precise language Plaintiff quotes in support of his surreply is found in the Motion to Dismiss. *See id.* at 11 ("To conclude otherwise would raise a host of problems ad require courts to decide which constitutional provisions should take precedence over others"); *see also* Def.'s Reply at 4 (same). As there is nothing new about this argument in the Reply, it is not a basis for a surreply. *See Banner Health*, 905 F. Supp. 2d at 187.

Plaintiff also contends that Defendant raises "a circular argument regarding equal protection" in the Reply. Pl.'s Mot. at 4 (subpart e in Plaintiff's list). But a comparison of Part III Defendant's Motion ("Plaintiff's Reliance On The Equal Protection Clause Is Doomed," Def.'s MTD at 12-13), with Part III of Defendant's Reply (same, *see* Def.'s Reply at 5-6) confirms that Defendant restated the same argument in the Reply. As such, there is nothing new about this argument in the Reply, and it is not a basis for a surreply. *See Banner Health*, 905 F. Supp. 2d at 187.

Plaintiff next contends that Defendant argued for the first time in the Reply that "none of the political branches considers the territory that the District covers to be a state." Pl.'s Mot. at 4 (subpart f of Plaintiff's list). This argument is also found in Defendant's Motion. *See* Def.'s MTD at 15 ("Yet, Plaintiff cannot overcome the fact that the Constitution, the District's political leaders, and Congress do not consider the District to be a state"). As there is nothing new about this argument in the Reply, it is not a basis for a surreply. *See Banner Health*, 905 F. Supp. 2d at 187.

According to Plaintiff, Defendant also argued for the first time in the Reply that "Defendant … has no responsibility and the current state of affairs is due to congressional inaction."  Pl.'s Mot. at 5.  Yet, Defendant argued in the Motion to Dismiss that Plaintiff has cause of action against the President, *see* Def.'s MTD at 6-7, and that the requested relief would require Congressional action, *see id.* at 15-16.  Accordingly, there is nothing new about this argument in the Reply and this is not a basis for a surreply.  *See Banner Health*, 905 F. Supp. 2d at 187.

Finally, Plaintiff contends that Defendant newly argued that the District's territory is not a state for the purposes of the census.  *See* Pl.'s Mot. at 5.  Yet, this was the central premise of the Defendant's Motion to Dismiss—the District is not a State, as confirmed by the Constitution, history, and the actions of political leaders.  *See generally*, Def.'s MTD.  As such, there is nothing new about this argument in the Reply and thus this is not a basis for a surreply.  *See Banner Health*, 905 F. Supp. 2d at 187.

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court deny Plaintiff's Motion for

Leave to File a Surreply.

June 29, 2020                                    Respectfully submitted,

                                                MICHAEL R. SHERWIN
                                                Acting United States Attorney

                                                DANIEL F. VAN HORN
                                                D.C. Bar #924092
                                                Chief, Civil Division

                              By:     */s/ Brian J. Field*
                                                BRIAN J. FIELD
                                                D.C. Bar #985577
                                                Assistant United States Attorney
                                                555 4th Street, N.W.
                                                Washington, D.C. 20530
                                                Tel: (202) 252-2551
                                                E-mail: Brian.Field@usdoj.gov

6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN H. PAGE, | |
| *Plaintiff*, | |
| v. | Civil Action No.: 20-0104 (CRC) |
| DONALD J. TRUMP, in his official capacity as President of the United States, | |
| *Defendant*. | |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for Leave to File a Surreply, and the entire record herein, it is hereby:

**ORDERED** that Plaintiff's Motion is **DENIED.**

_____
Date

_____
United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 29, 2020, I caused a copy of the foregoing to be served upon

Plaintiff by placing in the United States mail, addressed to:

John Page
1077 30th Street, NW
Apt. 411
Washington, DC 20007

*/s/ Brian J. Field*
Assistant United States Attorney