IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John H. Page ) <br> 1077 30th Street NW ) <br> Apt. 411 ) <br> Washington, D.C. 20007 ) <br> Tel: 202 352 6952 ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> Donald J. Trump, in His Official ) <br> Capacity as President of the United ) <br> States, Office of the President ) <br> 1600 Pennsylvania Avenue, N.W. ) <br> Washington, D.C. 20500 ) <br> ) <br> Defendant ) | Case No. <br> 1:20-cv-00104 CRC |

## NOTICE OF SUPPLEMENTAL AUTHORITY

### U.S. SUPREME COURT MCGIRT V. OKLAHOMA
### DECIDED JULY 2020

1. Plaintiff filed suit in January 2020 and is now aware of a stare decisis case, McGirt v. Oklahoma, 591 U.S. ___ (2020), ("McGirt") decided by the Supreme Court July 9, 2020.

2. In case there should be any question of observance of local rule 15, Defendant has responded in writing to Plaintiff's inquiry about opposition that "*As your filing appears to be a Notice of Supplemental Authority, there is no requirement that you obtain the Government's position on such a notice.*"

1

3. The court is asked to accept this supplemental authority out of time because Plaintiff could not have known the outcome in McGirt beforehand.

4. This Memorandum refers only to the Complaint and McGirt. It introduces no new argument.

5. McGirt's conclusions about sovereign tribal law supports the application of sovereign people's law in Columbia as put forth in the Complaint (emphasis added):

> "18. Yes, Columbia was partitioned from the State of Maryland with the U.S. Const. Art IV consent of Congress and of Maryland with the same sovereign State laws of the State of Maryland as they were then[Footnote 6]
> [Footnote 6] An Act Concerning the District of Columbia, 2 Stat. 103 (1801) (the "1801 Organic Act") at section 1: **"..the laws of the state of Maryland, as they now exist, shall be and continue in force** in that part of the said district, which was ceded by that state to the United States, and by them accepted as aforesaid."
>
> "19. Yes, **State Law in Columbia was assented to by Defendant to the extent not succeeded by Congress' lawful exercise of its powers** in the District of Columbia or succeeded by Federal legislation affecting all States. Columbia's State law by sovereign convention is stated in "A Declaration of Rights, and the Constitution and Form of Government agreed to by the Delegates of Maryland, in Free and Full Convention Assembled November 11, 1776" (the "Columbia Constitution").'

6. McGirt says:

> "The government further promised that "[no] State or Territory [shall] ever have a right to pass laws for the government of such Indians, but they shall be allowed to govern themselves." 1832 Treaty, Art. XIV, 7Stat. 368.
> Today we are asked whether the land these treaties promised remains an Indian reservation for purposes of federal criminal law. Because Congress has not said otherwise, we hold the government to its word."

7. As sovereign tribal law was promised in McGirt's Oklahoma reservation, so was sovereign state law promised to Columbia by Congress and remains in effect "*because Congress has not said otherwise*". Plaintiff is as entitled as McGirt to hold the government to its word; as

Federal law takes precedence over tribal law on the reservation, so in Columbia the U.S. Constitution (including measures passed under its District Clause) takes precedence over State law.

      8.      The Complaint is concordant with McGirt as follows:

i)      Columbia's sovereign state constitution survives under section 1 of the 1801 Organic Act, the U.S. Constitution requires state participation in the Congressional franchise and it is impossible for Congress to be Columbia's State such purpose (affirmed per curiam, see footnote 2 in the Complaint);

ii)      Congress has not said otherwise than in section 1 of the 1801 Organic Act.

      9.      Plaintiff holds this court must apply McGirt as stare decisis and rule for the Plaintiff's argument in the Complaint; at para 21:

> "Columbia's Constitution, which is in full force and effect regarding rights not delegated to Congress under the District Clause, was fully consented to by the United States Government in 1801."

Respectfully submitted,

John H. Page (pro se)
1077 30th Street NW, Apt 411
Washington, D.C. 20007
Telephone: 202-352 6952
*john.h.page@gmail.com*

August 12, 2020