IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John H. Page ) <br> 1077 30th Street NW ) <br> Apt. 411 ) <br> Washington, D.C. 20007 ) <br> Tel: 202 352 6952 ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> Joseph R. Biden, in His Official ) <br> Capacity as President of the United ) <br> States, Office of the President ) <br> 1600 Pennsylvania Avenue, N.W. ) <br> Washington, D.C. 20500 ) <br> ) <br> Defendant ) | Case No. <br> 1:20-cv-00104 CRC |

**PLAINTIFF'S MOTION AND MEMORANDUM FOR RECONSIDERATION
OF OR TO ALTER OR AMEND OR VACATE
THE MEMORANDUM OF OPINION AND ORDER ISSUED 1/29/2021**

1

## I.  BACKGROUND

1. Plaintiff filed suit in January 2020 and Defendant was duly served along with the US Attorney General and U.S. Attorney for DC.  The court issued a Memorandum Opinion and Order (the "Opinion) on January 29, 2021 without a hearing.  Neither the Opinion nor the Defendant contest Plaintiff's injury.

2. This motion is brought under FRCP Rule 59(e) and/or Rule 60.  Plaintiff complains here, amongst other things, the Opinion erroneously frustrated his State rights preserved by the 10th Amendment of the U.S. Constitution and not delegated to Congress under the District clause (see decisions of the U.S. Supreme Court at para 14 below). The occupier of the Office of the President must faithfully follow written law in carrying out its ministerial duties and Art III courts are empowered to order the President to do so, including where the President is signing a census document prepared by others.

3. Plaintiff's rights of representation in Congress through the State of Columbia are not subject to the District clause.  The Opinion (at page 11 end of para 2) incorrectly states Adams v. Clinton decided that "*Columbia is not a State*".  This is false; Adams v. Clinton decided that:

  a) that the District of Columbia is not a State for the purpose of participation in the Congressional franchise and

  b) it was impossible for Congress to be Columbia's State Legislature for the purposes of participation in the Congressional franchise, all of which is stated on page 4 of the Complaint[1].

---

[1] "IV. FACTS RELEVANT TO THE CLAIMS
14. Plaintiff couches the facts and his arguments in the form of questions and answers below.

It therefore follows that if Columbia has a case for such participation it runs through the State of Columbia and not through the District of Columbia. The Adams court, like this one, has no jurisdiction to adjudicate State law rights not delegated to Congress and Congress cannot alter such State law rights regardless of any explicit or non-explicit language in any of its acts. This Motion speaks further to the Opinion's seemingly arbitrary requirement that Congress explicitly admit Columbia as a State under Art IV of the U.S. Constitution see 18.b) below on intent.

4.  In this motion, Plaintiff seeks not to re-argue his position but to have the court reconsider its Opinion due to errors in facts and reasoning and provide such relief as is available including but not limited to vacating the Opinion, holding hearings, transferring the case to three judge panel and enjoining the Secretary of Commerce.

## II.   JURISDICTION, JUSTICIABILITY

5.  **Law Rules.**  The Complaint specifies, and this Motion re-avers, that this court has no jurisdiction over matters not delegated to Congress but reserved to a State and this includes the right to a State Legislature and electing representatives to Congress. Clearly most of Columbia's state rights were delegated to Congress under the District Clause but the right to pursue undelegated rights under State law rules is protected by both the 10th Amendment and the 14th Amendment. The Opinion concludes otherwise.

---

C. Where do Columbia's rights to participation in the Congressional franchise come from and can Congress exercise them?
15. They are stated in the U.S. Constitution[1] and Congress cannot exercise them; affirmed by this court in Adams v. Clinton, 90 F. Supp. 2d 35 (D.D.C. 2000)[2].
D. Is there any law that denies participation in the Congressional franchise from either a) any State of the Union or b) from the people of Columbia through their State?"
16. The answer is No; States' rights are protected by the 10th Amendment[3]

6. **State of Columbia operation.** The Opinion suggests Plaintiff's suit is on hypothetical grounds but it is not. Plaintiff noted to the court in para 37 of his Plaintiff's Reply In Support Of Opposition To Defendant's Motion To Dismiss that residents were trying to organize elections. Plaintiff wishes to inform the court that State Legislature elections were held in Columbia on November 3, 2020 after public notice. Thus, the State of Columbia is no longer inchoate and, to the extent not delegated to Congress under the U.S. Constitution, can exercise its State powers through a State Legislature and executive. Columbia's State Constitution is as stated in para 12 of the MSJ including specification of the courts therein and their jurisdiction.

7. **Injunctive Relief.** With regard to the Opinion's mention of 'judicial eyebrows", it is not the Plaintiff but the President that is causing the **"*appearance of constitutional tension*"**, violating the constitutional separation of powers by failing to respect undelegated State law and obey Congress' terms of the District's cession which, Plaintiff holds, does not violate the U.S. Constitution and is subject to 10th Amendment reservations. The Opinion shows the court erroneously assumes Congress has discretion in all matters whatsoever in Columbia but this is not true; Congress has discretion over all matters whatsoever in the District of Columbia – that is the plain language of the U.S. Constitution – and since, per Adams v Clinton, neither Congress or the District of Columbia are a State for the purposes of participation in the Congressional franchise it is not their political football to play with. This court can issue an order for the President to obey the 10th Amendment or indeed any process prescribed by law since the President's obligation to do so is ministerial, non-discretionary and not shielded by executive privilege see United States v. Nixon, 418 U.S. 683 (1974).

8. The opinion discussed whether Plaintiff has sued the wrong person and mentions the Commerce Secretary. The court overlooks that Commerce Secretary's acts are the President's

4

acts so there is no need to enjoin the Commerce Secretary. The President, in the exercise of his executive power under the Constitution, "speaks and acts through the heads of the several departments in relation to subjects which appertain to their respective duties." The heads of the departments are his authorized assistants in the performance of his executive duties, and their official acts, promulgated in the regular course of business, are presumptively his acts. Wilcox v. McConnel, 38 U.S. (13 Pet.) 498, 513 (1839). *See also* United States v. Eliason, 41 U.S. (16 Pet.) 291 (1842); Williams v. United States, 42 U.S. (1 How.) 290, 297 (1843); United States v. Jones, 59 U.S. (18 How.) 92, 95 (1856); *The Confiscation Cases*, 87 U.S. (20 Wall.) 92 (1874); United States v. Farden, 99 U.S. 10 (1879); Wolsey v. Chapman, 101 U.S. 755 (1880).

9. Furthermore, Presidents recognize that they can be ordered by courts even though they disagree with the decision. See George W. Bush's response "*We'll abide by the court's decision—that doesn't mean I have to agree with it.*" to the ruling in *Boumediene v. Bush*.

10. **Assent to 1801 Act.** In its Opinion, this court states the following, which is not accurate:

> "Through this statute, Page theorizes, the United States "assented to" the "State Law in Columbia" and recognized the then-existing Maryland Constitution as the state constitution of Columbia, which allegedly remains "in full force and effect" to the extent consistent with Congress's constitutionally delegated power over D.C. Id."¶¶ 19, 21.

As explained in Plaintiff's filings, the State Law in Columbia that was not subject to Congress' exclusive powers in the District survived the cession regardless of what Congress said in the 1801 Organic Act. It is not accurate, therefore, to say "*through this statute*" Defendant assented to state law and Plaintiff does not need to prove Congress' explicit intent. The reason the Defendant's assent to the 1801 Organic Act is raised by Plaintiff is not because the United States had some discretion over all State Law rights (which it does not, per Adams v. Clinton). Rather,

5

Plaintiff is relying on the 1801 Organic Act for proof that because Defendant assented to said Act explicitly preserving that State Law, he cannot now argue State Law was not preserved. This is made clear in para 9 on page 9 of "Plaintiff's Memorandum In Support Of Opposition To Defendant's Motion To Dismiss".

11. **Single judge or panel of judges.** The Opinion at page 4 discusses whether it has jurisdiction since apportionment is involved. Plaintiff has neither asked for a single judge or three judge panel. He was aware of three judge panels in general (from the Castañon v. United States Civil Action No. 18-2545 case) but from the plain reading of the statute had understood the empanelment was a decision taken by the court when the action is filed because it is the body that convenes, not a decision required of the Plaintiff:

> 28 U.S. Code § 2284 "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."

12. Plaintiff is challenging the accuracy of the census that drives the apportionment process, he is not seeking to challenge the constitutionality of apportionment itself. Since the court has not held a hearing he has not had the chance to respond to the court's views on jurisdiction in this case which are on different grounds than Defendant's.

### III.   OTHER ISSUES WITH THE OPINION

13. **A question of law, not a political decision.** A threshold issue is whether the President has discretion in this matter, making it a political decision that this court is not empowered to order, or whether it is a matter of law that the President's actions in submitting an accurate decennial census are ministerial. Even if Plaintiff is mistaken as to the former, the Opinion fails to justify it providing no basis in law, precedent or argument as to why Congress can

defeat 10th Amendment rights simply by passing an Act that does not recite them.  Furthermore, the State of Columbia is part of the Union and is afforded the same constitutional protections as any other State omitted from the decennial census.

14. **Congress powers are not unlimited.**  From the Opinion

> *"The 1801 Organic Act does not fit the bill. While the Act did specify that then-existing Maryland law would "continue in force" in D.C., 2 Stat. at 104-05, that language merely indicates that Congress decided, as a matter of policy, to adopt Maryland law as a starting point for the new body of law governing D.C."*

While Plaintiff does not disagree the Maryland State Constitution served as a starting point for D.C. law that is not relevant to the instant case, Congress can't change the law for matters outside its exclusive jurisdiction in the District which is not a State for the purposes of participation in the Congressional franchise.  The Opinion does not make this distinction and fails to recognize that Congress' powers under U.S. CONST. Art. I, § 8, cl. 17, are not unlimited as consistently decided by the Supreme Court for example in Evans v. Cornman, 398 U.S. 419 (1970) and in New York v. United States, 505 U.S. 144 (1992) "*if a power is an attribute of state sovereignty reserved by the Tenth Amendment, it is necessarily a power the Constitution has not conferred on Congress.*"  Both these Supreme Court cases are previously cited by Plaintiff who holds that the Opinion invalidates itself by not referencing and complying with them.

15. **Equivocation in the Opinion.**  The Opinion cites this: "*And if Columbia is not a state, it cannot be entitled to congressional seats. See Adams, 90 F. Supp. 2d at 45-46.*"  But this is not what Adams v. Clinton says!  The opinion in that case is talking about the District of Columbia which is the jurisdiction exclusively controlled by Congress and with which Plaintiff concurs.  The Adams opinion uses the phrase "District of Columbia" 123 (one hundred and twenty three) times and "State of Columbia" 0 (zero) and the reason is plain – The Adams v. Clinton case

was tried under District of Columbia law only as is plain from the Opinion which begins "*In these consolidated lawsuits, seventy-five residents of the District of Columbia, along with the District of Columbia itself..*" The Opinion thus incorrectly supposes a legal fact about Columbia that only applies to the District of Columbia and certainly not to the State of Columbia.

16. **Plaintiff does not rely on the 1801 Organic Act and it was not D.C. that was ceded.** The below section of the Opinion is incorrect:

> "To support this proposition, he relies on the 1801 Organic Act, which provides that "the laws of the state of Maryland, as they now exist, shall be and continue in force in that part of [D.C.] which was ceded by that state to the United States." Id. (citing 2 Stat. at 104-05)."

a) Plaintiff specifically pointed out the process of partitioning Columbia from Maryland (see Complaint at paras. 3, 18, 24 and 31). The District is a creature of Congress, not something that was created by Maryland. The land (Columbia) was ceded by Maryland with its sovereign law intact so that Congress could establish the seat of government there; Maryland did not create the District. It is therefore disingenuous for the Opinion to delete "part of Maryland" and insert "part of [D.C.]"; it is not what Plaintiff filed and is factually inaccurate. D.C. is situated in Columbia, not the other way round. D.C. and the State of Columbia are mutually exclusive jurisdictionally.

b) The Opinion supposes Plaintiff's reliance on the 1801 Organic Act is the foundation of his claims but this is not true. Plaintiff's rights rely alone on explicit State law powers not enumerated to Congress under the District clause. That State law is explicitly acknowledged in the 1801 Organic Act makes that act constitutional and Plaintiff relies on it only to prove Defendant assented to State law (para 2 of the Complaint relies on the 1801 Organic Act for proof the Defendant agreed to Maryland law, but does not

rely on it for the purposes of the 10th Amendment's protection of rights not enumerated to Congress). This is not a new argument; it is made in para 9 on page 9 of "Plaintiff's Memorandum In Support Of Opposition To Defendant's Motion To Dismiss"[2] and the Opinion errs in reading that Plaintiff only relied on the 1801 Organic Act.

17.     **Congress' enumerated powers.**  The Opinion does not explain what enumerated power Congress has or had to strip Columbia of its sovereign powers and exclude the State of Columbia from the Congressional franchise, which it seems to believe Congress had the right to do. Concomitant with asserting above that the Opinion contains errors related to the partitioning of Columbia from Maryland, Plaintiff further criticizes the Opinion because it avoids addressing another threshold issue; it seems to assume all rights of the sovereign people in Columbia have been extinguished without explaining how such an act would be constitutional either under the United States Constitution or the Maryland Constitution.

Rather, it is up to Defendant to explain how, within the Constitution, he is legitimately injuring the citizens of the State of Columbia by excluding them from our democracy, not the other way round.

> "Regarding the main question on page 1 of the Complaint (see below), Defendant provides no such grounds and does not disprove the facts of non-District law i.e. law governing rights for the purpose of which the District is not a state[3] and therefore not subject to U.S. CONST. Art. I, § 8, cl. 17, outside Congress' enumerated powers over the District and not a political question:

---

[2] Even if the 1801 Organic Act had <u>not</u> stated the laws of the State of Maryland (as they were then) would survive cession Plaintiff would still be before you; he would complain that such an Organic Act violated the Columbia State Constitution (i.e. MARYLAND CONST. OF 1776) and the U.S. Constitution, especially the 10th Amendment of the latter, U.S CONST. Amendment X. It matters that the 1801 Organic Act was constitutional because by assenting to it the Defendant became estopped from disputing Columbia inherited "..the laws of the state of Maryland.." i.e. MARYLAND CONST. OF 1776.

[3] As opposed to and not to be confused, for example, with the existence of the District of Columbia State Board of Education for which purpose the District has been determined to be a State.

> "Plaintiff presents the following question: Defendant and Congress have assented to Columbia's non-District law which explicitly allows the election of a State legislature and representatives to Congress. Does Defendant have any grounds for omitting Columbia, a State of the Union, from the census for the purposes of apportioning participation in the Congressional franchise?" "

18.   **Intent.**  The Opinion says:

> "But Page fails to cite any act of Congress that expresses an intent to admit Columbia into the Union as a new state."

a)   <u>Intent is explicit in the State Law</u>.  Plaintiff's primary position is that he does not need to produce such intent.  What could be more explicit than acknowledging sovereign law in the 1801 Organic Act which State law includes at section 27 election of delegates to Congress (quoted in para. 14 of the MSJ) and at section 49 requires two successive State Legislatures to approve change?  The sovereign law we are discussing here is the very instrument by convention that declared the people's will to separate from the British Crown was used in Maryland's (and therefore Columbia's) admission to the original United States!  Plaintiff is stunned that this court essentially holds that every provision in Columbia's State Constitution needed to be explicitly recited verbatim in Congress' 1801 Organic Act, a view not put forth by the Defendant and Plaintiff has been denied the opportunity to address the court's concerns.  Plaintiff holds that if the Opinion decides the 1801 Organic Act defeats State law rights not delegated to Congress then the Opinion is a) unconstitutional because it makes Congress' 1801 Organic Act unconstitutional and b) invalid because it does not comply with the U.S. Supreme Court decisions referenced in para 14 above.

b)   <u>Article IV Admissions Requirement</u>.  Now that the Opinion has raised the matter of admission, reconsideration should take into account that in any future action to partition

10

or restructure States will require the ceding States' consents.  An example is the so-called "DC Statehood" Bill HR 51 which does not turn DC into a state but further partitions Columbia into a State and a smaller District; who in such a case gives the consent of the State of Columbia?  The court should not decide in such a way as to make any proposed partitioning of Columbia otherwise it will be forever bricking-in the residents of Columbia from attaining their Constitutionally guaranteed rights.  Such a decision would be contrary to Columbia's state law and set the scene for an original case in the Supreme Court with the Opinion being evidence as to the United States Federal Government failing to obey the U.S. Constitution.  Plaintiff thus argues that the Opinion further injures Plaintiff by foreclosing rights to participate in Art IV decisions by its State Legislature by deciding without jurisdiction that body cannot exist without Congress permission – which brings us back to the protections of the 10th Amendment that the Supreme Court has clearly decided do apply (see para 14 above).

c) <u>Two Acts of Congress</u>.  Plaintiff has already cited two Acts of Congress, including at paras. 22 and 23 of the MSJ.  The Opinion completely ignores Amendment X and Amendment XIV passed by acts of Congress and severally cited by Plaintiff including in the Complaint.  Amendment XIV forbids any State (and therefore Congress) from treating States unequally and the Defendant swore to faithfully follow.  Furthermore, this Court must follow the Supreme Court decision in Evans v. Cornman, 398 U.S. 419 (1970) which Plaintiff cited in Plaintiff's Reply In Support Of Opposition To Defendant's Motion To Dismiss which concludes (in relation to the inhabitants of a clause 17 territory contained within a State) it would be "*a violation of the Fourteenth Amendment for the State to deny them the right to vote.*"

    d) <u>Columbia Population and Apportionment</u>.  Plaintiff has already shown the significance of apportionment and the history of population development in the MSJ in his filings and at para 22 and footnote 1 thereto.  Defendant has not objected to this argument and the Opinion does not even mention it.  Everybody knew the District was small in population at the time of cession and as explained in Adams v. Clinton participation through Maryland was rebuffed.

19.    **Applying the law today**.  Plaintiff holds the Opinion errs in not considering how this case would go if Columbia's population at the time of cession was larger than Vermont or Wyoming several in light of its State law rights not delegated to Congress.  Those laws are explicitly cited at para 21 of the Complaint.  It is the real situation today that the court must consider, not only the situation when the population of Columbia before cession was miniscule and the entitled voters (only those with property worth over $1,000 if you read Columbia's State Constitution) many of whom had property in other states and were not totally disenfranchised.

20.    Congress is not entitled to act unconstitutionally by usurping or controlling State rights not enumerated to it; this proves it cannot have been the intent of the 1801 Organic Act to deny Columbia state rights to apportionment following the decennial census returns.  The Defendant may not refuse the relief requested by Plaintiff in this case.  In his response to Defendant's Motion to Dismiss, Plaintiff argued that even if the 1801 Organic Act had omitted its section 1 Plaintiff would still have a case because of the absence of any enumerated powers by which Congress could completely strip sovereignty from the people.  Such a power, in any event, would contradict the Constitution's guarantees of representation to those in the Union.  The Opinion has created these 1801 Organic Act constitutionality issues but does not address them and has failed to allow Plaintiff to weigh in.

21. **Wyoming Example**.  Applying the Opinion to a hypothetical example where Congress acts to turn the whole of Wyoming into a Clause 17 territory for some essential purpose, let's say preservation of climate and species, stipulating that Wyoming remains a part of the United States but not stipulating that Wyoming remains a State for the purposes of participation in the Congressional franchise.  Plaintiff picks Wyoming as an example because its population is currently smaller than Columbia's but any Party with control over the United States government could do this to any State currently participating in the Congressional franchise.  Congress would thus attain the same "*exclusive Legislation in all Cases whatsoever*" powers as in the District due to the "*like Authority*" wording in the Constitution's Art. I, § 8, cl. 17.  The Opinion says in such a case the state of Wyoming's right to participate in the Congressional franchise and its people are stripped of their guaranteed.  What Plaintiff has argued and the Opinion has ignored is that such a move would be unconstitutional and violate the 10th Amendment and the 14th Amendment protections for Wyoming which both preserve rights to any part of the Union and because Congress' powers under the District clause are not unlimited (see para 14 above).

The only states' rights difference between the instant case and this Wyoming example, then, is that Columbia was partitioned from Maryland.  The Opinion's error in its misquote of Adams brings about the opposite result; however, it should be the burden of the Defendant and the Opinion to show where Congress has the power under the Constitution to make part of a State not a State.  Plaintiff notes that the Opinion does not discuss or dispose of this issue.

To the top of page 11 of the Opinion it is irrelevant whether or not "*Congress meant to recognize a new sovereign state with laws inherited from Maryland*".  If Congress did then the 1801 Act is unconstitutional for stripping guaranteed rights as part of cession and Plaintiff

13

succeeds through an original case between the United States Government and the State of Columbia; if Congress didn't then Plaintiff succeeds.

22.     **The Opinion contradicts Adams v Clinton.**  The Adams v. Clinton case determined that Congress was not Columbia's State Legislature for the purposes of participation in the Congressional franchise, stating it was manifestly impossible.  Under Adams, then, Congress' intent, whether explicit or implied, is irrelevant; even if the 1801 Organic Act had explicitly said Columbia shall NOT be entitled to State law, Congress had no such enumerated powers to extinguish Columbia's remaining state rights; those are 10th Amendment reserved powers even in under U.S. CONST. Art. I, § 8, cl. 17 precisely because the District is not a State.

The Federal government, including the courts, must obey and enforce the 10th Amendment and Congress' intent must have been to act within the law.  The Opinion's reliance on Congress' intent to determine state rights is, therefore, an error.  The Opinion's reliance on prior decisions that attempted to have the District of Columbia recognized as a State is inappropriate because that is not Plaintiff's claim; this case is de novo.

Plaintiff agrees that the opinion in the Adams case concluded that the plaintiffs were harmed by the Constitution in not being able to obtain participation in the Congressional franchise through the District of Columbia because "*it is the Constitution and judicial precedent that create the contradiction.*"  Plaintiff's Complaint (at section K paras 29 and 30) concurred but argued undelegated State of Columbia law is not subject to Congress jurisdiction in the District.  The Opinion errs in not addressing this essential aspect of Plaintiff's argument and the multiple U.S. Supreme Court decisions that show Congress' powers are not unlimited and which Defendant must be ordered to follow; it is Defendant's failure regarding the undelegated laws of the State of Columbia, not the Constitution's, that is causing Plaintiff's harm

23. **Equivocation about State.**  Notwithstanding that unrepealed state law specifies Columbia's people's remaining rights, (to the extent not delegated to Congress under the District Clause), the Opinion does not account for where those rights vested upon cession.  Just because Congress does not possess them does not mean they were extinguished.  Yet Columbia's State Law is explicit.  The Opinion incorrectly states:

> "But this misses the point: Columbia cannot be a state if it was never admitted as one, even if the territory and population allegedly comprising Columbia have always been within the Union."

Clearly Columbia is a State but does the Opinion in the above quoted paragraph mean "*state within the meaning of Art I rights to participation in the Congressional franchise*" or not a state in any sense of the word, or even in some other sense?  For each sense of the word, where are the powers Congress would need to attain such a result?  There are no powers anywhere in the U.S. Constitution to make part of a State not part of a State and in the case of Clause 17 the Supreme Court sets the bar in deciding Evans v. Cornman (see para 14 above).  The Opinion notes Plaintiff's argument that Columbia was admitted as part of Maryland and does not dispute that it remained within the Union.  Plaintiff maintains that Columbia remained a State through partition from Maryland because of the 10th Amendment with reserved State Constitutional rights not delegated to Congress that include delegates to Congress as shown above.  The Opinion errs in failing to explain why Defendant cannot be ordered to comply with the supreme law to stop the injury being caused.

24. **Popularity Argument.**  Is the court seriously suggesting the people decide legal outcomes? The Opinion says:

> "As this allegation suggests, it is widely understood in the local community that the path to congressional representation runs through the political process, not the courts."

This part of the Opinion commits the argumentum ad populum fallacy and Plaintiff observes that it was widely understood at cession that the creation of the District by Congress would not affect people's rights of representation promised by the Constitution and they were shocked to find that it had and made strenuous efforts to attain Congressional representation through multiple theories and lawsuits (see Adams v. Clinton at 61). The courts have already agreed a serious harm has been suffered by the residents of Columbia. Plaintiff entreats this court to be more constructive in considering remedies, without a remedy the court is asserting without evidence that the Founders and Congress deliberately intended to deprive Columbia residents from democratic representation at cession. The Opinion implies but does not justify such a result.

While the Opinion refers to history, it does not consider the purpose of the District clause, an essential context in reaching a conclusion that comports with the founder's intent. Madison did not say that the District should not lie within or be contained within a State, he said that no State should **control** the District. That is precisely the result that would result from following the 10th Amendment and granting Plaintiff's MSJ; the decennial census would be amended, Congress would retain all the powers it has now and the 1801 Organic Act would remain constitutional. If Congress decided not to apply apportionment based on the corrected census from Defendant that would be a separate case but which is not before this court.

## IV.    HARM AND CAUSES OF ACTION

25.    These remain as described in the Complaint sections V and VI respectively and which neither the Motion to Dismiss or the Opinion address.

## V. RELIEF

Plaintiff asks this court for any relief available and pleads that in the circumstances it is reasonable to ask that

a) the Opinion be vacated and

b) that Defendant must respond to Plaintiff's Motion for Summary Judgment. The latter is reasonable given the previous President publicly stated his dislike for statehood in Columbia for political reasons and incited an unlawful riot to stay in) who may agree with the plain facts that:

   i. Columbia is a State with a State Constitution and State Legislature

   ii. Columbia is part of the Union

   iii. therefore Columbia is a State of the Union.

A proposed Order follows.

February 14, 2021                                   Respectfully submitted

                                                    /John H. Page/
                                                    John H. Page (pro se)
                                                    1077 30th Street NW, Apt 411
                                                    Washington, D.C. 20007
                                                    Telephone: 202-352 6952
                                                    john.h.page@gmail.com