IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John H. Page )<br>1077 30th Street NW )<br>Apt. 411 )<br>Washington, D.C. 20007 )<br>Tel: 202 352 6952 )<br>  )<br>Plaintiff )<br>  )<br>v. )<br>  )<br>Joseph R. Biden, in His Official )<br>Capacity as President of the United )<br>States, Office of the President )<br>1600 Pennsylvania Avenue, N.W. )<br>Washington, D.C. 20500 )<br>  )<br>Defendant ) | Case No.<br>1:20-cv-00104 CRC |

ERRATA
PLAINTIFF'S MOTION AND MEMORANDUM FOR RECONSIDERATION
OF OR TO ALTER OR AMEND OR VACATE
THE MEMORANDUM OF OPINION AND ORDER ISSUED 1/29/2021

Plaintiff attaches the corrected pages in error on which there are three differences:

1. In the first paragraph on page 11 the word "rights" was missing after "Constitutionally guaranteed"
2. In the last paragraph of page 13 "If Congress did" should have the word "not" added.
3. In the same paragraph at the top of page 14 "if Congress didn't" should say "if Congress did"

February 17, 2021                                 Respectfully submitted
                                                  /John H. Page/
                                                  John H. Page (pro se)
                                                  1077 30th Street NW, Apt 411
                                                  Washington, D.C. 20007
                                                  Telephone: 202-352 6952
                                                  john.h.page@gmail.com

or restructure States will require the ceding States' consents.  An example is the so-called "DC Statehood" Bill HR 51 which does not turn DC into a state but further partitions Columbia into a State and a smaller District; who in such a case gives the consent of the State of Columbia?  The court should not decide in such a way as to make any proposed partitioning of Columbia otherwise it will be forever bricking-in the residents of Columbia from attaining their Constitutionally guaranteed rights.  Such a decision would be contrary to Columbia's state law and set the scene for an original case in the Supreme Court with the Opinion being evidence as to the United States Federal Government failing to obey the U.S. Constitution.  Plaintiff thus argues that the Opinion further injures Plaintiff by foreclosing rights to participate in Art IV decisions by its State Legislature by deciding without jurisdiction that body cannot exist without Congress permission – which brings us back to the protections of the 10th Amendment that the Supreme Court has clearly decided do apply (see para 14 above).

c) <u>Two Acts of Congress</u>.  Plaintiff has already cited two Acts of Congress, including at paras. 22 and 23 of the MSJ.  The Opinion completely ignores Amendment X and Amendment XIV passed by acts of Congress and severally cited by Plaintiff including in the Complaint.  Amendment XIV forbids any State (and therefore Congress) from treating States unequally and the Defendant swore to faithfully follow.  Furthermore, this Court must follow the Supreme Court decision in Evans v. Cornman, 398 U.S. 419 (1970) which Plaintiff cited in Plaintiff's Reply In Support Of Opposition To Defendant's Motion To Dismiss which concludes (in relation to the inhabitants of a clause 17 territory contained within a State) it would be "*a violation of the Fourteenth Amendment for the State to deny them the right to vote.*"

21.     **Wyoming Example**.  Applying the Opinion to a hypothetical example where Congress acts to turn the whole of Wyoming into a Clause 17 territory for some essential purpose, let's say preservation of climate and species, stipulating that Wyoming remains a part of the United States but not stipulating that Wyoming remains a State for the purposes of participation in the Congressional franchise.  Plaintiff picks Wyoming as an example because its population is currently smaller than Columbia's but any Party with control over the United States government could do this to any State currently participating in the Congressional franchise.  Congress would thus attain the same "*exclusive Legislation in all Cases whatsoever*" powers as in the District due to the "*like Authority*" wording in the Constitution's Art. I, § 8, cl. 17.  The Opinion says in such a case the state of Wyoming's right to participate in the Congressional franchise and its people are stripped of their guaranteed rights.  What Plaintiff has argued and the Opinion has ignored is that such a move would be unconstitutional and violate the 10th Amendment and the 14th Amendment protections for Wyoming which both preserve rights to any part of the Union and because Congress' powers under the District clause are not unlimited (see para 14 above).

The only states' rights difference between the instant case and this Wyoming example, then, is that Columbia was partitioned from Maryland.  The Opinion's error in its misquote of Adams brings about the opposite result; however, it should be the burden of the Defendant and the Opinion to show where Congress has the power under the Constitution to make part of a State not a State.  Plaintiff notes that the Opinion does not discuss or dispose of this issue.

To the top of page 11 of the Opinion it is irrelevant whether or not "*Congress meant to recognize a new sovereign state with laws inherited from Maryland*".  If Congress did not then the 1801 Act is unconstitutional for stripping guaranteed rights as part of cession and Plaintiff

13

succeeds through an original case between the United States Government and the State of Columbia; if Congress did then Plaintiff succeeds.

22.     **The Opinion contradicts Adams v Clinton.**  The Adams v. Clinton case determined that Congress was not Columbia's State Legislature for the purposes of participation in the Congressional franchise, stating it was manifestly impossible.  Under Adams, then, Congress' intent, whether explicit or implied, is irrelevant; even if the 1801 Organic Act had explicitly said Columbia shall NOT be entitled to State law, Congress had no such enumerated powers to extinguish Columbia's remaining state rights; those are 10th Amendment reserved powers even in under U.S. CONST. Art. I, § 8, cl. 17 precisely because the District is not a State.

The Federal government, including the courts, must obey and enforce the 10th Amendment and Congress' intent must have been to act within the law.  The Opinion's reliance on Congress' intent to determine state rights is, therefore, an error.  The Opinion's reliance on prior decisions that attempted to have the District of Columbia recognized as a State is inappropriate because that is not Plaintiff's claim; this case is de novo.

Plaintiff agrees that the opinion in the Adams case concluded that the plaintiffs were harmed by the Constitution in not being able to obtain participation in the Congressional franchise through the District of Columbia because "*it is the Constitution and judicial precedent that create the contradiction.*"  Plaintiff's Complaint (at section K paras 29 and 30) concurred but argued undelegated State of Columbia law is not subject to Congress jurisdiction in the District.  The Opinion errs in not addressing this essential aspect of Plaintiff's argument and the multiple U.S. Supreme Court decisions that show Congress' powers are not unlimited and which Defendant must be ordered to follow; it is Defendant's failure regarding the undelegated laws of the State of Columbia, not the Constitution's, that is causing Plaintiff's harm